SEWELL v. WEBSTER.

Whether a person was unavoidably prevented from filing the claim for damages required by Gen. Laws, c. 75, s. 7, is a question of fact to be determined at the trial term.

Travelling on Sunday for pleasure will not prevent the traveller from recovering for injuries received from a defective highway.

PETITION, under Gen. Laws, c. 75, s. 9, for leave to file the statement required by s. 7. Facts found at the trial term.

The plaintiff was confined to his house for' more than ten days after an accident upon a highway, from the injuries then received. He was not unconscious, nor unable to relate the circumstances of the accident, nor unable to describe the locality. He employed a competent person to prepare the statement required by s. 7, to whom the supposed place of the accident was pointed out by the plaintiff's attending physician. The plaintiff's wife was riding with him at the time of the accident, and might have gone to the place and pointed it out if she had been requested to do so. The plaintiff's agent prepared a statement, which was signed and sworn to by the plaintiff, and seasonably filed with the town-clerk. The place of the accident was described as " about seven rods north of an old barn called the Wadleigh barn," and the obstruction as " two large stones on the east side of and in said highway." The actual distance of the stones from the barn was seventeen rods. The ground was ' paced by the agent, who through inadvertence incorrectly stated the distance in the statement. There were two

other large stones about seven rods north of the Wadleigh barn, on the easterly side of the highway, but at a greater distance from the track.

The court found that the petitioner was unavoidably prevented from filing a sufficient claim for damages within the time prescribed by statute, and being of opinion that manifest injustice would otherwise be done, granted the petition, and the defendants excepted.

The accident happened on Sunday. The petitioner was driving with his wife and two children, one of whom was in feeble health. The evidence was conflicting as to whether he was driving for the sake of the child's health or for pleasure merely. The question was reserved whether in the latter circumstances he can maintain an action against the town.

*Leach & Stevens* and *E. B. S. Sanborn*, for the plaintiff.

*Mugridge*, for the defendants.

SMITH, J. It is a question of fact whether the plaintiff was unavoidably prevented from seasonably filing a sufficient claim for damages: so, also, whether manifest injustice would be done if not now allowed to file it. These questions have been determined at the trial term, and the action of the court at that term in the determination of pure questions of fact are not ordinarily reserved, and if reserved, are not generally considered at the law term. *Fuller* v. *Bailey*, 58 N. H. 71. If these questions can be said to be mixed questions of law and fact, we discover no legal error in the result which was reached. *Bolles* v. *Dalton*, ante 479.

Whether travelling on Sunday is or is not a violation of law is immaterial. Such a traveller may recover for injuries received from a defective highway if the town is otherwise liable, for the illegality of the act in no way contributes to the accident. *Norris* v. *Litchfield*, 35 N. H. 271; *Corey* v. *Bath*, 35 N. H. 530, 541.

*Case discharged.*

FOSTER, J., did not sit: the others concurred.