JOHNSON *& a.* v. ABBOTT *& a. & Tr.*

An amendment of a writ after entry, inserting the name of a trustee, may be allowed against the objection of subsequent attaching creditors, when it is shown that the trustee was duly served, and he appears and answers and is adjudged chargeable, and a part of the funds

for which he is chargeable has been paid over to the plaintiff without objection from the creditors, and when neither the defendant nor the trustee objects to the amendment.

FOREIGN ATTACHMENT. The writ was served on Farnham, one of the trustees, August 2, 1875, and entered August term, 1875. Counsel appeared at that term for all the defendants and trustees, and the action was continued from term to term until February term, 1880, when it was discovered that Farnham's name was not inserted in the writ as trustee. The plaintiffs moved to amend by inserting it. Neither the defendants nor Farnham object to the amendment, but objection is made by the subsequent attaching creditors.

The question is reserved whether the amendment can be allowed. The other facts appear in the opinion.

*Ray, Drew & Jordan* and *Dudley*, for the plaintiffs.

*Aldrich & Parsons* and *Fletcher*, for the subsequent attaching creditors.

STANLEY, J. The court have authority to allow the amendment (*Stebbins* v. *Ins. Co.*, 59 N. H. 143; *Folsom* v. *Ins. Co.*, 59 N. H. 54; *Demeritt* v. *Mills*, 59 N. H. 18; *Gitchell* v. *Andover*, 59 N. H. 363), and that authority should be exercised to prevent injustice. The writ was served on Farnham. He appeared, and did not object to the writ or service, and he does not object to the amendment. The subsequent attaching creditors had notice of the pendency of this suit in February, 1876, and of the claim of the plaintiffs that Farnham was chargeable as trustee. In Farnham's deposition, taken April 12, 1876, before one of the counsel for the creditors, he stated that he was summoned as trustee in this suit, and there is, attached to the deposition, an agreement of that date, signed by Farnham, agreeing that his deposition in one of the suits may be used in all. In the deposition, he claims that it must be considered, subject to the action of the court, in all previous suits, against him as trustee. After the deposition was taken, at August term, 1876, a receiver was appointed to collect the notes disclosed; and in February, 1879, the receiver, with the knowledge of and without objection from the creditors, paid to these plaintiffs $250 of the money collected on the notes. If the creditors were not aware that Farnham's name was not in the plaintiffs' writ, they had actual notice of this suit, and that the plaintiff claimed to hold Farnham as trustee; and this was enough to put them on inquiry, and they are chargeable with all they would have learned from inquiry. Moreover, the writ was on file, and that was constructive notice that Farnham's name was not in it. *Stowe* v. *Meserve*, 13 N. H. 46; *Warren* v. *Swett*, 31 N. H. 332, 341; *Cooper*

v. *Newman*, 45 N. H. 339, 342. Their consent to the payment by the receiver to the plaintiffs of part of the funds in his hands, and then suffering them to incur the additional expense of this suit upon faith in the validity of their claim, after they might by diligent inquiry have ascertained the facts, was a waiver of the objection now made. *Runlet* v. *Otis*, 2 N. H. 167 ; *Lisbon* v. *Bath*, 23 N. H. 2, 9 ; *Foss* v. *Strafford*, 25 N. H. 78 ; *Corbett* v. *Norcross*, 35 N. H. 99 ; *Richardson* v. *Chickering*, 41 N. H. 380, 385 ; *Peebles* v. *Rand*, 43 N. H. 337 ; *Lyman* v. *Littleton*, 50 N. H. 42.

The omission of Farnham's name in the body of the writ was evidently a clerical mistake ; and it is not shown or claimed that the creditors have changed their position in any respect, or that, if this amendment is made, they will lose any right which they understood they had acquired by their attachments. They all supposed that his name was inserted in this writ as well as in the others, and the amendment will merely make the writ what it was intended to be, and what all parties, in this and the other suits, for a long time supposed it was. The amendment is necessary to prevent injustice, and it should be allowed.

*Case discharged.*

SMITH, J., did not sit: the others concurred.