PRATT *v.* SANBORN & *Trs.*

No attachment of the defendant's property and credits in the hands of a trustee can be made unless the name of the trustee is inserted in the writ at the time of service.

FOREIGN ATTACHMENT. Facts found by the court. The plaintiff gave to an officer a trustee writ not having the names of any trustees written in it, and at the same time a list of names on

a separate paper, with direction to serve the writ on the persons in the list as trustees. The officer served the writ on those persons by reading it to them, reading the name of each from the list. Afterwards their names were inserted as trustees in the writ. E. E. Graves, a subsequent attaching creditor of the funds in the hands of the same trustees, appeared, and moved that they be discharged in this suit.

*H. G. Sargent* and *J. H. Albin*, for the plaintiff.

*D. F. Dudley*, for Graves.

CLARK, J. An officer's authority in the service of process is derived from and limited by the precept committed to him. The list of names on a separate paper delivered to Dimond, with the plaintiff's writ, formed no part of it; and the attempted service of the writ upon the trustees before their names were inserted in it was a nullity. The officer had no power to attach the property of the defendant in their hands, because no such authority was conferred by the writ. It was an attempted attachment and service without a writ, and therefore unauthorized and void. *Bank* v. *Goodall*, 41 N. H. 81; *Smith* v. *Hill*, 45 N. H. 403.

The subsequent attaching creditors having a valid attachment, and not having waived or lost their right to object to the invalidity of the plaintiff's attempted attachment *(Johnson* v. *Abbott*, 60 N. H. 150), are entitled to hold the funds in the hands of the trustees.

*Trustees discharged.*

SMITH, J., did not sit: the others concurred.