## HARVEY *v.* NORTHWOOD.

Leave to file a new and corrected claim for damages against a town for injuries on a highway will be granted if the defect in the original notice occurred through mistake and accident for which the plaintiff was not at fault, and if it appears that manifest injustice would otherwise be done.

BINGHAM, J.   The plaintiff was injured on a highway in North-wood, March 11, 1888.   On the 20th of the same month he filed his written statement, under oath, in compliance with the requirements of Gen. Laws, *c.* 75, *s.* 7, as amended by Laws 1885, *c.* 65, *s.* 1, except that the plaintiff's attorney, who prepared his statement, erred in averring the date of the injury to be the 12th instead of the 11th of March.

It appears that the error happened through a mistake and accident for which the plaintiff was not in fault, and that manifest injustice would be done if he should not be allowed to file a new claim.   Whether the error in naming the day on which the injury happened occurred without the fault of the plaintiff, and whether manifest injustice would be done to him if he should not be allowed to file his new claim, were questions of fact to be found at the trial term, and are not generally considered at the law term. *Sewell* v. *Webster*, 59 N. H. 586.   These questions were both found by the court at the trial term on evidence which is not reported. It does not appear that these findings were not made upon competent evidence.   Injustice might be done to the plaintiff if he should be deprived of the right to litigate the cause of action described in his first sworn statement, because his attorney, without his fault, committed an error in stating the day on which the accident occurred.   The case is governed by *Bolles* v. *Dalton*, 59 N. H. 479, and *Kelsea* v. *Manchester*, 64 N. H. 570.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.

*Drury & Felch*, for the plaintiff.

*Burnham & Brown*, for the defendants.