Rockingham, }
 Dec. 3, 1901. }

## DREW v. DERRY.

Whether the denial of an opportunity to litigate a claim for damages caused by a defective highway would constitute manifest injustice, and whether the person injured was unavoidably prevented from filing a statement of his claim within the time limited by statute, are questions of fact.

PETITION, under section 8, chapter 76, of the Public Statutes, for leave to file a statement of claim against the defendants for an injury received upon a defective sidewalk, March 15, 1898. Trial at the April term, 1901, of the superior court before *Young*, J.

The plaintiff's evidence tended to prove that while walking on the sidewalk he broke through the concrete at a point about four feet west of a culvert, and was injured; and that the breaking of the concrete was caused by water escaping from the culvert and washing away the sand on which the concrete was laid. The petition was filed September 9, 1898. The plaintiff was prevented by accident from filing his claim within the time prescribed by law. The petition was granted, and the defendants excepted.

*Burnham, Brown & Warren*, for the plaintiff.

*G. K. & B. T. Bartlett*, for the defendants.

BLODGETT, C. J. The remedial statute upon which the petition is founded provides: "If, in such proceeding, it appears to the court that the petitioner was unavoidably prevented from filing the statement within the time limited, and that manifest injustice would otherwise be done, they may allow the statement to be filed within a time to be limited by their order." P. S., c. 76, s. 9. In such a case the questions for determination consequently are, whether the petitioner was unavoidably prevented from filing the statement of his injury within the limited time, and if so, whether "manifest injustice would otherwise be done" if not allowed to file it later. But both of these questions are questions of fact (*Sewell* v. *Webster*, 59 N. H. 586, 587; *Harvey* v. *Northwood*, 65 N. H. 117, 118; *Hendry* v. *North Hampton, ante*, p. 26), and having been determined in the plaintiff's favor by the trial court upon presumably competent evidence, the defendants' exception, as understood by us, presents nothing for our consideration.

If, however, in the absence of brief or argument, we have mistaken the point intended to be raised, which may have been that the place of injury was not a culvert within the meaning of section 1, chapter 59, Laws 1893, we cannot now say that the granting of the petition was erroneous as a matter of law. *Welsh* v. *Franklin*, 70 N. H. 491; *Hendry* v. *North Hampton, supra*.

*Exception overruled.*

All concurred.