## WAKEFIELD v. NEWPORT.

A town is not liable to a traveller injured by the negligence of persons employed by the selectmen in repairing a highway.

CASE, for injuries from the falling of a flag-staff in a public highway, reported in 60 N. H. 374. The amended declaration alleged, and the evidence tended to show, that the plaintiff, while travelling in a highway in Newport, was injured by the negligence of persons employed by the defendants' selectmen in the removal of a flag-staff which stood near the highway, and which, by decay, had become dangerous to travellers. The court ordered a nonsuit, and the plaintiff excepted.

*H. W. Parker* and *L. W. Barton*, for the plaintiff.

*A. S. Wait* and *I. Colby*, for the defendants.

SMITH, J. A town is not liable to a traveller injured by the negligence of a highway surveyor engaged in repairing a highway.

*Hardy* v. *Keene*, 52 N. H. 370. He is not the agent of the town, but a public officer. Selectmen, though elected by towns, are public officers, whom towns cannot dismiss nor control in the discharge of their official duties. Their duties are prescribed by law, and not by the town. If, as claimed by the plaintiff, it was the duty of the selectmen, charged with the management of " the prudential affairs of the town" (G. L., *c.* 40, *s.* 2), to remove the flag-staff because it had from decay become dangerous to travellers, still the town is not liable for their negligence in its removal. The rule of *respondeat superior* does not apply. The rule is based upon the right which the employer has to select his servants, to discharge them if not competent or skilful or well behaved, and to direct and control them while in his employment. *Kelly* v. *Mayor*, 11 N. Y. 432. It has no application where this power does not exist. *Wakefield* v. *Newport*, 60 N. H. 374, 377; *Blake* v. *Ferris*, 5 N. Y. 48; *Maxmilian* v. *Mayor*, 62 N. Y. 160; 2 Dill. Mun. Cor. (3d ed.) *ss.* 974–980.

No private action, in the absence of a statute giving it, can be maintained against a town for the neglect of a public duty imposed upon it by law for the benefit of the public, and from the performance of which the corporation receives no profit or advantage. *Edgerly* v. *Concord*, 62 N. H. 8, 19, and authorities cited. An officer appointed or elected by a municipal corporation, in obedience to law, to perform a public service in which the corporation has no particular interest, and from which it derives no special benefit or advantage in its corporate capacity, is not regarded as a servant or agent for whose negligence or want of skill in the performance of his duties a municipal corporation is held liable, although the service is one which the corporation is bound to see performed in pursuance of a duty imposed by law for the general welfare. *Hafford* v. *New Bedford*, 16 Gray 297; *Walcott* v. *Swampscott*, 1 Allen 101; *Barney* v. *Lowell*, 98 Mass. 570; *Jewett* v. *New Haven*, 38 Conn. 368; *Torbush* v. *Norwich*, 38 Conn. 225; *Heller* v. *Sedalia*, 53 Mo. 159; *Eastman* v. *Meredith*, 36 N. H. 284; *Hardy* v. *Keene*, 52 N. H. 370; *Edgerly* v. *Concord*, 59 N. H. 341; *Wakefield* v. *Newport*, 60 N. H. 374; *Edgerly* v. *Concord*, 62 N. H. 8.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.