## LAMBERT *v.* PEMBROKE.

A town is liable for injuries to a traveller resulting from the original
defective construction of a sidewalk in a highway, which the town per-
mitted an adjoining owner to build.

CASE, for injuries upon a highway. The plaintiff's evidence
tended to show that while she was walking upon a sidewalk in
a highway, the sidewalk sank beneath her, and she was injured.
The sidewalk was built several years before the accident by the
adjoining owner, who dug a cellar and erected a building upon the
line of the highway. At the time of the building, an opening
was left in the cellar wall designed for a bulkhead. Subsequently
the owner of the building closed the opening in the wall with
plank, filled in in front with earth, and laid a brick sidewalk.
Either from decay or from native weakness some of the planks at
the time of the injury broke, and the earth in front of them
beneath the sidewalk fell into the cellar, and the bricks sank when
the plaintiff stepped upon them. Up to the moment of the injury
the surface of the walk was even throughout, and apparently firm.

The defendants' motion for a nonsuit, upon the ground that
there was no evidence of any want of reasonable care on the part
of the town, was granted, and the plaintiff excepted.

*Burnham & Brown*, for the plaintiff.

*Chase & Streeter*, for the defendants.

BLODGETT, J. Sidewalks, when a part of the public highways,
must be properly constructed and guarded, and kept in suitable repair
(*Hall* v. *Manchester*, 40 N. H. 410, 414); and there being no pro-
vision in the statute as to damages which limits the liability of
towns and cities to open defects, it extends to all defects which
render them unsuitable for the travel thereon. G L., *c.* 75, *s.* 1;
*Burt* v. *Boston*, 122 Mass. 223, 226. Among such defects are those
resulting from natural decay or from faulty construction. *Howe*
v. *Plainfield*, 41 N. H. 135, 138; *Bardwell* v. *Jamaica*, 15 Vt. 438,
442; *Alexander* v. *Mt. Sterling*, 71 Ill. 366, 369; *Rapho* v. *Moore*,

68 Pa. St. 404. And it is no defence that the highway was built by the abutter; for when a town permits a third person to construct a highway, it is liable for its defects the same as if it had been built by the town itself. *Willey* v. *Portsmouth*, 35 N. H. 303, 313; *Saulsbury* v. *Ithaca*, 94 N. Y. 27—*S. C.*, 46 Am. Rep. 122, 123. But when the immediate cause of the injury to the plaintiff is such that the town could not have had notice of it, or could not, in the exercise of reasonable care, have prevented or remedied it before the accident, the town is not liable. *Palmer* v. *Portsmouth*, 43 N. H. 265; *Chamberlain* v. *Enfield*, 43 N. H. 356, 363; *Clark* v. *Barrington*, 41 N. H. 44, 52; *Howe* v. *Plainfield, supra; Johnson* v. *Haverhill*, 35 N. H. 74; *Hubbard* v. *Concord*, 35 N. H. 52.

The immediate cause of the injury to this plaintiff was the sinking of the sidewalk under her feet, which resulted from the breaking of the wooden planks in the cellar wall of the adjacent building, either from natural decay or from native weakness, whereby the earth in front of them fell into the cellar, and thus left the brick part of the walk without support beneath, although up to the moment of the injury it was even throughout, and apparently firm upon the surface. With these conditions existing at the time of the injury, the sidewalk must be regarded as defective within the meaning of the statute making towns liable for defects in highways; and the remaining question is, whether there was any competent evidence tending to show want of reasonable care on the part of the defendants in not preventing or remedying the defect before the accident.

Ordinarily the question of reasonable care is a question of fact for the jury, and especially in cases for damages received upon a highway; and no reason is perceived why it should not have been so treated in this case, inasmuch as the defect was not one of which the defendants could not have had notice, and there having been, upon the question of their care, competent evidence tending to show that the planks were originally unsuitable and unsafe for the use to which they were put, or might reasonably have been expected shortly to become so through natural causes. As matter of law, it cannot properly be determined upon this evidence whether the defendants are or are not chargeable with want of reasonable care. It is for the jury alone to decide whether, taking into account the cause of the defect and all the attendant circumstances, the fair inference from the evidence is that the defect is one which the town might and should, in the exercise of reasonable care, have prevented or remedied before the accident; and we are therefore of opinion that this question should have been submitted to them, and the motion for a nonsuit denied.

*Exception sustained.*

ALLEN, J., did not sit: the others concurred.