## HEARN v. BOSTON & MAINE RAILROAD.

A town having been sued for damages caused by an obstruction in a highway, and the person who placed the obstruction there having been notified of the suit and having conducted the defence, a general verdict for the defendant is not a bar to a subsequent suit against such person for the same injuries, since it might have been based upon the lack of notice to the town of the existence of the obstruction; and the testimony of jurors in the former action is not competent for the purpose of showing that their verdict was in fact based solely on issues material in the second action.

CASE, for personal injuries received by the plaintiff while travelling in a highway over a railroad crossing in Rochester, through the defendants' negligence in leaving a car upon the crossing. The defendants pleaded in a brief statement, and offered to prove that the plaintiff brought a prior action in this court against the town for the same injuries; that the railroad corporation, having received notice of the action from the town, appeared and conducted the defence; and that the town prevailed, and recovered judgment against the plaintiff. Trial by jury, and verdict for the plaintiff. The prior action was tried by a jury, who returned a verdict for the town, upon which judgment was rendered. The alleged defect in the highway was the car standing on the crossing. The defence in both actions was, that the highway was not obstructed by the car, and that the plaintiff was guilty of contributory negligence. The defendants in this action offered to show by the testimony of jurors who tried the former action that the jury found the plaintiff guilty of contributory negligence. Other jurors would have testified that they found

there was not sufficient notice to the town of the defect. The brief statement was rejected, and the testimony of jurors was excluded, subject to the defendants' exceptions.

*David R. Pierce, Elmer J. Smart,* and *Edwin G. Eastman,* for the plaintiff.

*Worcester, Gafney & Snow* and *George E. Cochrane,* for the defendants.

CHASE, J.    The plaintiff seeks to recover of the defendants at common law (*Elliot* v. *Concord,* 27 N. H. 204) for the same injury for which he failed to recover of the town under the statute.   G. L., c. 75, s. 1.   Had he obtained judgment against the town, the defendants, if they placed the car in the highway, would have been bound to reimburse the town for the damages and costs.   G. L., c. 76, s. 7; *Elliot* v. *Concord,* 27 N. H. 204; *Littleton* v. *Richardson,* 34 N. H. 179; *Manchester* v. *Quimby,* 60 N. H. 10.   Notice of the pendency of the first action was given to the defendants by the town for the purpose of making the facts determined by the judgment therein conclusive evidence against the defendants in an action upon their liability to the town, if one became necessary.   *Lebanon* v. *Mead,* 64 N. H. 8. The defendants had a right to appear in the action and assume its defence.   The judgment rendered in it concludes the plaintiff, the town, and the defendants equally, in respect to all matters that were directly in issue, that is to say, all matters "upon which the plaintiff proceeded by his action and which the defendant controverted by his pleadings." *King* v. *Chase,* 15 N. H. 9; *Chamberlain* v. *Carlisle,* 26 N. H. 540; *Littleton* v. *Richardson, supra; Smith* v. *Smith,* 50 N. H. 212, 217; *Sanderson* v. *Peabody,* 58 N. H. 116; *Morgan* v. *Burr,* 58 N. H. 470; *Metcalf* v. *Gilmore,* 63 N. H. 174; *Lebanon* v. *Mead, supra.*   These matters were, (1) whether the car rendered the highway defective; (2) whether the town had express or constructive notice of its presence in the highway, and a reasonable opportunity to remove it before the accident, so that it was a defect in respect to the town (*Hubbard* v. *Concord,* 35 N. H. 52, *Johnson* v. *Haverhill,* 35 N. H. 74, *Palmer* v. *Portsmouth,* 43 N. H. 265, *Chamberlain* v. *Enfield,* 43 N. H. 356); and (3) whether the plaintiff could have avoided injury from the defect by the exercise of ordinary care (*Farnum* v. *Concord,* 2 N. H. 392, 394, *Norris* v. *Litchfield,* 35 N. H. 271, 276, *Nashua Iron & Steel Company* v. *Railroad,* 62 N. H. 159, 161).   The first and second matters were covered by the allegation in the declaration that the highway was defective; and the third, by the allegation that the plaintiff's injury was caused by the defect (*May* v. *Princeton,* 11 Met. 442, *Corey* v. *Bath,* 35 N. H. 530, 548); and all were controverted by the general issue.   The first and third are in issue in this action; the

second is not. It follows that the findings of the jury upon the first and third matters and the judgment rendered thereon bind these parties, and that the finding and judgment upon the second are immaterial in this action.

If the verdict in the first action had been in favor of the plaintiff, it would necessarily have shown, although general in form, that the highway was defective, and had been so a sufficient length of time to charge the town with notice of its condition and afford a reasonable opportunity to repair it, and that the plaintiff exercised ordinary care in its use. A judgment upon such a verdict would have estopped the railroad corporation from trying the first and third matters in issue again. The finding upon the second matter would be in addition to and independent of the findings upon the other two, and would not affect them. But the verdict having been in favor of the town and general in form, the record does not show what the finding was upon the several issues. It may have been that the highway was not defective, or that it was defective but the defect had not existed long enough to render the town liable, or that there was a defect for which the town was liable but the plaintiff's injury was occasioned, in part at least, by his own negligence. Any one of these findings would justify the verdict. If the first and third matters only had been tried, a general verdict in favor of the town would have shown either that the car did not render the highway defective, or if it did, that the plaintiff's negligence was an agency in causing his injury. A judgment on such a verdict would have estopped the plaintiff from recovering in this action. But the case shows that the second issue was tried. It is admitted that some of the jurors would testify (if their testimony were to be received) that the verdict was based upon that issue.

As the record does not show upon which of the issues the former judgment was founded, it was incumbent upon the defendants, in order to establish an estoppel by that judgment, to prove by extrinsic evidence that it was founded upon the matters that are in issue in this action, namely, the first and third above mentioned, or one of them. *Taylor* v. *Dustin*, 43 N. H. 493. Evidence consistent with the record and otherwise competent would be received for this purpose. 1 Gr. Ev., s. 532; *Smith* v. *Smith*, 50 N. H. 212, 218; *Morgan* v. *Burr*, 58 N. H. 470. But testimony of jurors in respect to their consultations in the jury-room and the grounds of their verdict is not competent. *Smith* v. *Smith*, 50 N. H. 212, 219; *Wood* v. *Jackson*, 8 Wend. 10, 37; *Lawrence* v. *Hunt*, 10 Wend. 80, 86; *Packet Company* v. *Sickles*, 5 Wall. 580, 593; *Woodward* v. *Leavitt*, 107 Mass. 453, 460; *Jackson* v. *Williamson*, 2 T. R. 281; *Sheldon* v. *Perkins*, 37 Vt. 550. This has been repeatedly held, upon motions for a new trial for mistake or misconduct of jurors, when the object of the testimony was to impeach the verdict. *Tyler* v. *Stevens*, 4 N. H. 116;

*Folsom* v. *Brawn*, 25 N. H. 114, 123; *Leighton* v. *Sargent*, 31 N. H. 119, 137; *Walker* v. *Kennison*, 34 N. H. 257; *Groton's Petition*, 43 N. H. 91; *Clark* v. *Manchester*, 64 N. H. 471; *Palmer* v. *State*, 65 N. H. 221. In *Tyler* v. *Stevens*, *Richardson*, C. J., says,—" It has been thought to be singular indeed that almost the only evidence of which this case admits should be shut out; but considering the arts which might be used if a contrary rule were to prevail, it has been thought necessary to exclude such evidence." An additional reason for its exclusion is the necessity for freedom and independence of action on the part of jurors. The assurance that none of their number can ordinarily be called on to testify concerning their deliberations tends to secure such action. *Hannum* v. *Belchertown*, 19 Pick. 311, 313; *Woodward* v. *Leavitt*, 107 Mass. 453, 460. The admissibility of the testimony of jurors to sustain a verdict is an exception to the general rule, and is justified on the ground that they ought to have an opportunity to exculpate themselves from the charge of unfair or mistaken conduct. *Tenney* v. *Evans*, 13 N. H. 462; *Leighton* v. *Sargent*, 31 N. H. 119; *Boynton* v. *Trumbull*, 45 N. H. 408, 410. It "has been found in our practice to work substantial justice, without impairing the freedom and independence of jurors in their deliberations and discussions in the jury-room." *Knight* v. *Epsom*, 62 N. H. 356, 361.

The reasons for excluding the testimony of jurors apply with equal or greater force in cases like this. Each of the parties to the second action is likely to make strenuous and persistent efforts to obtain the testimony in his favor. The efforts would generally be made in the absence of one party, and frequently would be artful and sometimes fraudulent. They would have a tendency to cause confusion and falsehood.

The defendants say that unless such testimony is received, a party who has been notified to come in and defend an action will be unable to set up the judgment recovered therein as an estoppel in a subsequent action against him in which the same matters are in issue. A sufficient answer to this argument is, that the jury may be inquired of concerning the grounds of their verdict when it is returned into court (*Walker* v. *Sawyer*, 13 N. H. 191, 196, *Dearborn* v. *Newhall*, 63 N. H. 301, 303); or they may be required to return answers to special questions with their general verdict (*Johnson* v. *Haverhill*, 35 N. H. 74, 87, *Barstow* v. *Sprague*, 40 N. H. 27, *Richardson* v. *Weare*, 62 N. H. 80). In answering questions in this way they act as a jury and not as witnesses, and their answers become a part of the record. If, in the plaintiff's action against Rochester, special questions similar to those above stated had been submitted to the jury, as was done in *Johnson* v. *Haverhill*, the defendants could have readily shown what matters were there decided. This course would undoubtedly have been adopted if either party had suggested it.

The brief statement alleges in a general way that the judgment in favor of the town estops the plaintiff from recovering in this action. It has already been seen that the judgment might not have that effect. The facts alleged in the brief statement do not constitute a defence to the action. The brief statement should have shown that the former judgment was based upon matters that are directly in issue in this action. It was properly rejected.

*Exceptions overruled.*

SMITH, J., did not sit; the others concurred.