DOWNES v. HOPKINTON.

A town is not liable to a traveller injured by his horse's taking fright from the noise of the blasting of a rock by the surveyor in repairing a highway.

PETITION, for leave to file the statement required by s. 7, c. 76, Pub. Sts., in case of a claim for injury under the highway law. Facts found by the court. May 6, 1892, the highway surveyor was repairing the highway by removing therefrom a large rock by blasting, of which the plaintiff, a traveller, had no notice. When she arrived at a point about two hundred and thirty feet from the rock, but not in sight of it, the noise of the blast frightened her horse so that he wheeled around, overturned the carriage, and threw her upon the ground, whereby she was injured.

If the foregoing facts are sufficient evidence of a defect, etc., within the meaning of the statute, leave is granted to file the statement; otherwise, it is denied.

*Bingham & Mitchell,* for the plaintiff.

*Herman W. Greene,* for the defendants.

SMITH, J. If it be assumed that the rock which the surveyor was blasting was a defect within the meaning of the statute (P. S., c. 76, s. 1), it was not the cause of her injuries. She did not come in collision with it, was not upset by it, her horse was not frightened by it, nor were any of the fragments, when it was

blasted, thrown upon her or upon her horse. They were not within sight of it when the blast occurred. The sole cause of the accident was the sound of the blast.

If the surveyor was guilty of negligence in not giving seasonable notice of the blast to the plaintiff, the law affords her a remedy, if injured thereby, in an action against him. But a town is not liable to a traveller injured by the negligence of a highway surveyor engaged in repairing a highway. *Hardy* v. *Keene*, 52 N. H. 370; *Wakefield* v. *Newport*, 62 N. H. 624. The highway liability of towns to travellers is created by statute. They are liable only for injuries resulting from defects which render the highway unsuitable.

Whether a highway is or is not defective is a question of fact for the jury. But the construction of the terms of the statute (P. S., c. 76, s. 1) is for the court. *Ray* v. *Manchester*, 46 N. H. 59, 60; *Johnson* v. *Haverhill*, 35 N. H. 74. There is no competent evidence in this case of any defect in the highway which caused the plaintiff's injuries. A town is not liable for damage done by its fire department (*Edgerly* v. *Concord*, 59 N. H. 78, and cases cited *S. C.*, 62 N. H. 8), nor for injuries to a traveller by coasting in the street (*Ray* v. *Manchester*, 46 N. H. 59), nor for injury occasioned by the negligent removal of a flag-staff. *Wakefield* v. *Newport*, 62 N. H. 624. As the facts reported are not sufficient evidence of a defect within the meaning of the statute, the order must be

*Petition denied.*

BLODGETT, J., did not sit: the others concurred.