### DOOLITTLE *v.* WALPOLE.

A town is not liable to an action not authorized by statute.

The provision of an unsuitable lock-up by selectmen for the temporary detention of offenders is not a breach of any duty of the town.

CASE. The declaration alleged, in substance, that the defendants erected and maintained, in an unsuitable condition, a lock-up for the keeping and detention of prisoners; that the plaintiff was arrested, and for twenty-four hours was confined in the lock-up, and by reason of its unsuitable condition was injured. The defendant's demurrer was sustained, and the plaintiff excepted.

*Don H. Woodward*, for the plaintiff.

*Josiah G. Bellows*, for the defendants.

BLODGETT, J. "In its own courts a state cannot be made an involuntary defendant. It is not constitutionally bound to give to its school-teachers, to those who support its paupers, lend it money, sell it real or personal property, or make and repair its roads and buildings, to travellers injured by defects in its highways, or to any class of contractors, creditors, or claimants, a right of action, civil or criminal, against itself." *Wooster* v. *Plymouth*, 62 N. H. 193, 205; *Sargent* v. *Gilford*, 66 N. H. 543, 544. Towns are "only political subdivisions of the state, made for the convenient administration of the government. . . . They are component parts of the state, and aggregately taken are the state." *Id.* 208. Constituting a portion of the sovereign power of the state, a municipal corporation is, therefore, not subject to an action, unless a right of action is conferred by statute in the exercise of the entire control over municipalities with which the legislature is invested by the constitution (*id.*); and there being no express statute authorizing the plaintiff's action, nor any from which authority can be implied, the defendant town is, for the purpose of the present inquiry, no less a sovereign than the state.

But aside from this fatal objection, the plaintiff alleges no duty on the part of the defendants towards him which was unfulfilled. The injuries of which he complains arose from the misfeasance and neglect of duty of independent public officers in the performance of their statutory duty as selectmen to "provide a suitable lock-up for the temporary detention of offenders" (P. S., *c.* 226, *s.* 3); and the uniformly recognized doctrine is, that the acts of such officers are their own official acts, and not the acts of the municipal corporation or its agents. *Edgerly* v. *Concord*, 62 N. H. 8, 18, 19, and authorities cited; *Wakefield* v. *Newport*, 62 N. H. 624, 625. And even if the statute imposed the duty to provide a suitable lock-up upon the town, the duty being one for the ben-

efit of the public, and from the performance of which the town receives no corporate benefit or advantage, the plaintiff's action, in the absence of a statute giving it, could not be maintained. Authorities *supra.*

*Exception overruled.*

CARPENTER, J., did not sit: the others concurred.