Hillsborough, }
  June, 1899. }

### FELCH v. WEARE.

A town is not liable for the neglect and failure of selectmen to perform the official duties imposed upon them by statute.

CASE, to recover the value of the plaintiff's sheep killed by dogs. The declaration alleges that the plaintiff, at Weare in this county, on the first day of May, 1897, " was the owner of a large flock of sheep, and that the same were confined in the plaintiff's close at said Weare; that during said summer of 1897, while lawfully within said close, on divers days, to wit, on the fifth day of May, 1897, and on sundry days thereafter, a large number, to wit, fifty-two, of said sheep were killed by dogs; that the said plaintiff informed one of the selectmen of said town that he had sustained such damage, and requested him to proceed to the premises where the damage was done and determine whether the same was inflicted by dogs, and, if so, to appraise the amount thereof, if not exceeding twenty dollars; and if, in the opinion of said selectmen, the amount of the damage exceeded twenty dollars, to appoint two disinterested persons, who, with himself, should appraise the amount thereof, according to law. Yet the defendants' selectmen, wholly regardless of their duty in the premises, have refused and do still refuse to determine the plaintiff's damages, contrary to the form of the statute in such case made and provided, whereby the plaintiff has lost the value of his said sheep, and to the damage of the plaintiff, as he says, in the sum of two hundred and fifty dollars."

The defendants moved to dismiss, and the motion was granted, subject to the plaintiff's exception.

*Drury & Hurd* and *Sargent & Niles*, for the plaintiff.

*Taggart & Bingham*, for the defendants.

BLODGETT, C. J. "Whoever suffers loss by the worrying, maiming, or killing of his sheep, lambs, fowls, or other domestic animals by dogs, may inform the mayor of the city or one of the selectmen of the town wherein the damage was done, who shall proceed to the premises where the damage was done, and determine whether the same was inflicted by dogs, and, if so, appraise the amount thereof, if not exceeding twenty dollars; if, in the opinion of said mayor or selectmen, the amount of said damage exceeds twenty dollars, he shall appoint two disinterested persons, who, with himself, shall appraise the amount thereof; and, in either case, he shall return a certificate of the same, on or before the first day of December, to the selectmen, who, during the month of December, shall examine all such bills, and, if any doubt exists, may summon the appraisers and all parties interested, and make such examination as they may think proper, and shall issue an order upon the treasurer of the town or city in which the damage was done for the amount, all or any part thereof, as justice and equity may require." Laws 1891, *c.* 60, *s.* 16.

The plaintiff's declaration alleges no breach of duty toward him under this statute on the part of the defendants. His sole ground of complaint is the neglect and failure of the defendants' selectmen to perform the official duties imposed upon them by the statute. But for this neglect of duty the defendants are not liable. The rule of *respondeat superior* does not apply. Selectmen are independent public officers whose duties are prescribed by law, and not by the municipality which elects them. As such officers they are amenable to law for their conduct, but they are not agents or servants of the municipality in any such sense as to make it liable for their defaults in the performance of their statutory duties. *Doolittle* v. *Walpole*, 67 N. H. 554; *Wakefield* v. *Newport*, 62 N. H. 624, 625; *Edgerly* v. *Concord*, 62 N. H. 8, 18, 19, and authorities cited; *Gross* v. *Portsmouth*, 68 N. H. 266, 267. Such being the settled law of this jurisdiction, there is no occasion to go farther, although other defences to the plaintiff's action are not wanting.

*Exceptions overruled.*

PEASLEE and YOUNG, JJ., did not sit: the others concurred.