Merrimack, }
  Dec., 1899. }

FLANDERS v. FRANKLIN.

Where a municipal corporation increases the quantity of surface water and unreasonably fails to provide an outlet therefor, it is liable for damages resulting therefrom.

CASE, for negligence in allowing a sewer, culvert, and brook in Prospect street to become filled up, out of repair, and insufficient to carry off the water, in consequence of which it flowed down Winnipiseogee street on the plaintiff's land. Trial by a referee.

The land slopes from Prospect street westerly, down Winnipiseogee street, to the plaintiff's land on Railroad avenue. Prior to 1887, there was a depression in the Shepard lot, just west of Prospect street, through which the water collecting in Prospect street and vicinity flowed off. About 1887, the owners filled up the depression and laid an eight-inch drainpipe in its place. In 1889, the defendants constructed a covered drain eighteen inches square across Prospect street and connected it with the Shepard pipe. This drain was designed to take the water from the Sturtevant lot, lying east of Prospect street, and also from the street. About the same time, they built a similar drain across Prospect street, two hundred feet further south, and connected it with the Shepard pipe. This was to drain the Schlegel land and take the water from the street.

In 1897, during the largest rainfall since 1869, the Shepard pipe proved insufficient to. carry off the water coming to it, and, as a consequence, the water flowed down Winnipiseogee street and washed large quantities of sand upon the plaintiff's land. These results were not caused by the defendants' negligence, as alleged, but were caused by the faulty and insufficient system of drains, the Shepard pipe being of insufficient capacity to carry off the water coming to it from the other pipes. If the natural watercourse through the Shepard land had not been filled up, the plaintiff's land would not have been damaged.

Upon the opening of the case, the defendants called attention to the fact that the declaration only charged negligence in allowing the sewer to become filled up. The plaintiff replied that he would ask for leave to amend by charging a faulty system of construction, and repeated the statement in the closing argument. The defendants objected upon the ground that it was too late to cite in the owners of the Shepard land. Later the plaintiff filed a proposed amendment, to the allowance of which the defendants objected and stated that if it was allowed they would probably demur.

The referee found that the plaintiff could not recover upon his original declaration, but could under the amendment, if allowed, and assessed the damages.

*George R. Stone* and *Edward B. S. Sanborn*, for the plaintiff.

*Leach & Stevens*, for the defendants.

PEASLEE, J. If the defendants unreasonably turned surface water upon the plaintiff's land, thereby invading his property right, they must answer for the consequences. *Rhobidas* v. *Concord, ante,* p. 90. They were not obliged to prevent the natural flow of surface water; and if they did nothing to increase it, they are not liable. If they increased the quantity of water and unreasonably failed to provide an outlet, they are liable. *Rindge* v. *Sargent,* 64 N. H. 294. The fact that there would have been an outlet but for the acts of Shepard is no defence. If he unreasonably stopped the natural flow, he must answer therefor; but this would not make him liable over to the defendants for what is here complained of. They had no right to demand the use of a natural watercourse across his land to carry off water collected by them. If their conduct in failing to guard against the danger which they created was unreasonable under the circumstances, they are liable, although their conduct might have been reasonable under other circumstances.

If does not distinctly appear whether the verdict for the plaintiff was founded upon a failure to control the natural flow of surface water, or upon an unreasonable failure to take care of an artificial flow created by the defendants. For this reason the case must stand for a further trial.

The question, whether the acts were those of officers over whom the defendants had no control, and for whose acts they were not responsible, was not raised and has not been considered.

The plaintiff's proposed amendment was objected to both as insufficient in law and offered at too late a day. It would seem that justice requires that the plaintiff should be allowed to restate his claim before the case again goes to trial. The question of amendment will be settled at the trial term.

*Case discharged.*

All concurred.