Rockingham, }
  Dec. 3, 1901. }

PRIEST *v.* BOSTON & MAINE RAILROAD.

One who obstructs natural drainage in the reasonable use of his own premises is not liable to an adjoining landowner for damages resulting therefrom.

Whether the damages caused by an obstruction of natural drainage ought to have been foreseen and provided against, is a question of fact to be considered in the determination of the general question of reasonable use.

CASE, for obstructing the plaintiff's drainage, thereby causing her cellar to be flooded and her well to be polluted.   Facts found

by a referee, and case transferred from the April term, 1901, of the superior court by *Young,* J.

The plaintiff and the defendants in 1890 and before were, and still are, owners of adjoining lands. There was on the defendants' land a low place — a swamp or bog — where there was usually more or less water. This came in part from a spring or springs on the defendants' land, and was in part due to an accumulation of the surface drainage and percolation through the earth from the plaintiff's adjoining higher land. It found an outlet by overflowing and settling away across other lands of the defendants, and by a drain running through the cellar of an adjacent store into a sewer or culvert. There was no natural running stream or water-course into or out of the swamp, and no artificial drain except that above mentioned, which did not reach the plaintiff's land and in which she had no interest.

In June, 1890, the defendants filled and graded the swamp and adjacent land upon their premises, and built a side track. By this means the water from the springs was dammed back, the surface drainage and percolation from and through the plaintiff's land obstructed, and more or less water turned into her cellar, outbuildings, and well. In April, 1891, the defendants constructed a drain which has afforded a sufficient outlet for this water. If this had been opened when the side track was built, there would have been no trouble; but a reasonably prudent man would not then have foreseen the injury caused the plaintiff by the omission of the drain. The defendants' use of their land was reasonable, and there was no intent to injure the plaintiff. The manner in which they accomplished their purpose was also reasonable, unless they ought as a matter of law to have foreseen when they built their side track the necessity for the drain which was subsequently made.

Upon these facts judgment was ordered for the defendants, and the plaintiff excepted.

*G. K. & B. T. Bartlett,* for the plaintiff.

*Frink & Marvin,* for the defendants.

Parsons, J. In the first count in her writ, which has been made a part of the case, the plaintiff alleges the obstruction by the defendants of a certain drain appurtenant to her estate; in the second, the obstruction of a water-course. Upon both these claims the referee has found the fact against the plaintiff. There was no water-course, and the drain was not appurtenant to her estate. The evidence upon which these findings were made is not reported, and no question as to its sufficiency as matter of law is

raised. Whether the plaintiff should be permitted to restate her claim by amendment is a question of fact which is not determined by this court. In the absence of such amendment, the order of judgment for the defendants, upon the findings of the referee negativing the allegations of fact upon which the plaintiff relied, was not legal error.

No amendment that could be made consonant with the facts found would avail the plaintiff. "The owner may put his land or other property to any use not unlawful which, in view of his own interest and that of all persons affected by it, is a reasonable use. For the consequence to others of such use he is not responsible. The question of reasonableness is a question of fact." *Ladd* v. *Brick Co.*, 68 N. H. 185, 186. It is found that the defendants' use of their land, which is the substance of the complaint, was reasonable. If when the side track was built a drain had been put in, there would have been no trouble. Whether the defendants ought to have foreseen the injury to the plaintiff if the drain were omitted, is a question of fact considered upon the general question whether what they did was reasonable. *Swett* v. *Cutts*, 50 N. H. 439, 446.

As they could not reasonably have foreseen the injury to the plaintiff by the omission of the drain at the time of building the side track, they are not in fault. Whether after the injury to the plaintiff was demonstrated they would be in fault for maintaining the side track without a drain, if one could be constructed, is a question of reasonable use which need not be considered, as the defendants have constructed without delay claimed to-be unreasonable a drain which has since carried off the water. Whether the water causing the trouble was surface water or water of underground percolation, the defendants are not liable unless they have unreasonably obstructed its course to the plaintiff's damage. *Flanders* v. *Franklin*, 70 N. H. 168; *Bassett* v. *Company*, 43 N. H. 569, 573.

*Exception overruled.*

WALKER, J., did not sit: the others concurred.