Hillsborough, }
June 30, 1903. }

## CLAIR v. MANCHESTER.

The legislative enactment creating a board of street and park commissioners for the city of Manchester does not operate to relieve that municipality from liability for injuries to private rights occasioned by the inadequacy of a highway culvert constructed by such officers, if it had knowledge of the defect and negligently failed to remedy it.

CASE, for damage to the plaintiff's stock in trade by the water of Cemetery brook, which was thrown back in consequence of an inadequate culvert in the highway. Transferred from the January term, 1903, of the superior court by *Pike*, J., upon an agreed statement of facts.

August 1, 1892, the mayor and aldermen of the city of Manchester laid out a highway known as Hall street, extending across Cemetery brook—a natural watercourse. By the provisions of chapter 264, Laws of 1893, a board of street and park commis-

sioners was established for the city of Manchester, and its duties and powers were therein defined. In the summer of 1895, Hall street, as laid out, was constructed by the board and has since been maintained by them, under the provisions of said chapter, but the culvert over the brook at times was not adequate to carry off the water. February 14, 1900, the water was thrown back, causing the damage of which the plaintiff complains. The defendants and the board knew of the inadequacy of the culvert a sufficient length of time before the damage to the plaintiff to have remedied it by the exercise of ordinary care. The plaintiff was not in fault.

If upon the foregoing facts the plaintiff is entitled to recover, he is to have judgment for $275; otherwise there is to be judgment for the defendants.

*David W. Perkins*, for the plaintiff.

*George A. Wagner*, for the defendants.

BINGHAM, J. By the special legislative enactment of 1893 (Laws 1893, *c.* 264, *s.* 1) the whole territory of the defendant city was constituted one highway district and placed under the superintendence of a board of street and park commissioners. The act provides that the board " shall have full charge, management, and control of the building, constructing, repairing, and maintaining of all the streets, highways, lanes, sidewalks, and bridges, and public sewers and drains, and of the public parks and commons, in said city of Manchester, and shall have the expenditure of all appropriations which the city councils of said city shall from year to year vote for such purposes; and all bills for expenditures from the appropriations voted from year to year by the city councils for such purposes shall be approved by said board before the same are paid by the city treasurer. Said board shall for such purposes have all the powers now by law vested in the board of mayor and aldermen, the city councils, and the highway surveyors of the various highway districts of said city."

As a result of this legislation, it is contended that the commissioners are not the agents or servants of the city, but are public officers deriving their authority from the legislature; that neither the city nor the board of mayor and aldermen can direct or control them in the performance of their duties; and that being public officers, the city is not responsible for their negligent acts or omissions, or those of their employees, in constructing the highway in question. *Gross* v. *Portsmouth*, 68 N. H. 266; *Hall* v. *Concord*, 71 N. H. 367.

But the fact that the inadequate culvert—a constituent part of

the highway—was constructed by the commissioners is not necessarily determinative of the defendants' freedom from liability in this action. Prior to the act in question, towns and cities were made liable by statute (P. S., c. 76 ; Laws 1893, c. 59) for injuries suffered by travelers upon their highways, due to their obstruction, insufficiency, or want of repair, provided the defect or insufficiency was one the town or city ought to have remedied, and it knew, or in the exercise of due care could have known, of the defect or insufficiency and remedied it; and this was so whether the creation of the defect or insufficiency was due to the act or acts of their agents, of public officers, strangers, or to some natural cause. *Johnson* v. *Haverhill*, 35 N. H. 74, 83, 84, 85 ; *State* v. *Dover*, 46 N. H. 452 ; *Hardy* v. *Keene*, 52 N. H. 370, 377, 378 ; *Sides* v. *Portsmouth*, 59 N. H. 24 ; *Lambert* v. *Pembroke*, 66 N. H. 280.

In *Hardy* v. *Keene, supra*, the proposition was stated as follows : " Whether the defect was caused by the negligence of the surveyor or not, the liability of the town depends upon the further questions : whether, under the circumstances, the town were in fault ; whether they had or should have had notice of the defect ; and whether they had a reasonable opportunity to remove it."

Towns and cities were also held liable at common law for damages occasioned an owner of land adjoining a highway, caused by the act of a public officer in obstructing a natural waterway, or by his so constructing the highway as to turn water upon the adjoining land, provided the city or town neglected, after reasonable notice, to remedy the difficulty ; that it was not only the duty of the town in constructing the highway to provide some suitable and sufficient means by which to care for the water, but, if improperly constructed by a public officer, to remedy the defect after it knew of it and had a reasonable opportunity to do so. *Gilman* v. *Laconia*, 55 N. H. 130 ; *Rowe* v. *Portsmouth*, 56 N. H. 291 ; *Parker* v. *Nashua*, 59 N. H. 402 ; *Vale Mills* v. *Nashua*, 63 N. H. 136 ; *Haynes* v. *Burlington*, 38 Vt. 350. The ground upon which liability is predicated in these decisions is, that " when a highway is laid out in a town over the land of any individual, . . . there is taken from him a right . . . for . . . the public to pass, and also a right to put and keep the land over which the highway is laid in suitable condition for the public travel. This latter right is vested in the town by the law, which imposes upon it the duty of making and maintaining the highway, and consequently, by implication, gives to it everything necessary to the performance of that duty " (*Hooksett* v. *Company*, 44 N. H. 105, 109), " upon the general principle, that when the law gives to any one a right, or imposes on any one a duty, it implicitly gives every-

thing which is necessary to the enjoyment and exercise of that right, or without which that duty cannot be performed" (*Troy* v. *Railroad*, 23 N. H. 83, 97); that the statutory obligation of towns and cities to build and maintain highways vests in them an ownership in the highways, and that ownership "imposes upon them a duty towards the owner of adjoining land, which, so far as regards the consequences of their acts and omissions in building and repairing, is not to be distinguished from the duty of an ordinary adjoining proprietor of land with respect to the premises of his neighbor." *Gilman* v. *Laconia*, 55 N. H. 130, 131; *Concord* v. *Burleigh*, 67 N. H. 106.

This right of ownership in the highways in the city of Manchester is still vested in the city, unless it was the intention of the legislature, in enacting the law creating the board of street and park commissioners (Laws 1893, *c.* 264), to repeal the provisions of chapter 75 of the Public Statutes, rendering towns liable to indictment for neglecting to make new highways lawfully established, and for neglecting to keep its highways "in good repair suitable for the travel thereon," and to repeal the provisions of chapter 59 of the Laws of 1893, rendering towns liable to travelers upon highways for damages happening to them by reason of certain defects therein, so far as they pertain to the city of Manchester. We are of the opinion that it was not the intention of the legislature, in enacting chapter 264, that the city should be freed from the liabilities and duties imposed by chapter 75 and chapter 59, or stripped of all power to perform those duties,—at least, in cases where the commissioners neglect to perform them.

The city being charged with the duty of constructing and maintaining highways, the law, in the absence of express authority, by implication confers upon it the power to employ a suitable agency to perform the duty; otherwise, as said in *Henry* v. *Haverhill*, 67 N. H. 172, 174, this "novel" and "inequitable" situation would be presented: "Legislation imposing upon one body [the board of street and park commissioners] the sole duty of constructing and keeping in repair highways, and subjecting another body [the city] to both civil and criminal liability for defects therein, which it has no power to prevent." Such a result the legislature could not have contemplated; and as it appears that the culvert did not furnish an adequate passageway for the stream of water that naturally flowed across the highway, and as the city, after it knew of its inadequacy and had a reasonable opportunity to remedy it, suffered it to so continue to the plaintiff's damage, it is liable in this action.

*Judgment for the plaintiff.*

All concurred.