Cheshire,
Dec. 5, 1905.

## WHEELER v. GILSUM.

A highway agent engaged in the repair of highways under the direction of the selectmen is a public officer for whose negligent performance of duty the town is not liable.

A town is not liable for an injury to private property resulting from its failure to abate a nuisance outside the highway limits, which it might rightfully have abated for the protection of the highway or other public property.

CASE, for negligence. March 2, 1902, the plaintiff owned and occupied a sawmill on the bank of the Ashuelot river. On that day an ice jam in the river above the mill caused the water of the stream, increased by surface water accumulating from rain and melted snow, to overflow a highway in the town of Gilsum, preventing travel thereon. A highway agent of the town, under the direction and control of one of the selectmen, went upon the river outside the highway and attempted to break up the ice with dynamite, so that the water might drain off from the highway. The work was negligently done, with the result of increasing the water in the highway above the jam and of weakening the ice so that it subsequently broke up, and the water and ice flooded, crushed, carried away, and practically destroyed the plaintiff's mill. The town, through its officers and citizens, had notice of, and could have removed, the danger to the plaintiff's property created by the negligent attempt to break up the ice. The expense of what was done was paid by the town. The plaintiff was without fault.

After the opening statement by plaintiff's counsel of the grounds upon which recovery was claimed, in substance as above set forth, a nonsuit was ordered, and the plaintiff excepted. Transferred from the October term, 1904, of the superior court by *Peaslee*, J.

*Arthur J. Holden* and *Robert A. Ray*, for the plaintiff.

*Charles H. Hersey* and *Cain & Benton*, for the defendants.

PARSONS, C. J. In repairing the highway under the direction of the selectmen (Laws 1897, c. 67, s. 1), the highway agent was a public officer, for whose negligent acts in the performance of his duty the town is not liable. *O'Brien* v. *Derry, ante, p. 198*; *Hall* v. *Concord*, 71 N. H. 367; *Downes* v. *Hopkinton*, 67 N. H.

456; *Wakefield* v. *Newport*, 62 N. H. 624; *Grimes* v. *Keene*, 52 N. H. 330.

The principle under which a town may be liable for an injury to private property rights by an abuse of its possessory right in the highway—permitting an unreasonable use of the land to the injury of another (*Clair* v. *Manchester*, 72 N. H. 231; *Flanders* v. *Franklin*, 70 N. H. 168; *Gilman* v. *Laconia*, 55 N. H. 130)—has no application. The plaintiff's injury was not occasioned by an unreasonable use of the town's property right, made or permitted by the town. The dangerous condition in the river was due to natural causes, or to their action combined with the negligence of public officers. These causes created a nuisance which threatened alike the property of the town and that of the plaintiff. The nuisance was not within the highway, nor was it connected therewith in any way. It did not consist in anything appurtenant to the highway, which the town used for the benefit of its highway property, though without the limits of the highway. If the town could rightfully go without the limits of the highway to abate the nuisance created by the elements and the action of the highway agent, which threatened injury to its highway property, and would be liable to the plaintiff for an injury resulting from a negligent exercise of such right by the town, the power to abate such nuisance was merely a right which the town had for its own benefit—not a duty imposed upon it for the benefit of the plaintiff. As no duty rested with the town to act for the protection of the plaintiff, its failure merely to take action is not actionable negligence. *Buch* v. *Company*, 69 N. H. 257; *McGill* v. *Granite Co.*, 70 N. H. 125.

*Exception overruled.*

All concurred.