Coös,
Dec. 7, 1915.

## JAMES J. HICKEY *v.* BERLIN.

A traveler who is injured by a defect in the highway is remediless at common law.

A town or city is liable under Laws 1893, c. 59, s. 1 for injuries sustained by a highway-traveler if caused by the faulty construction of a culvert.

In an action by a highway-traveler against a municipality under Laws 1893, c. 59, s. 1 for injuries received from a washout adjacent to a culvert, the test to determine the sufficiency of the culvert is not to inquire whether it caused the washout, but whether it was such a culvert as the ordinary man would have maintained at that place under a similar situation.

*Quaere:* whether a washout adjacent to a culvert constitutes a defect in the culvert within the meaning of Laws 1893, c. 59, s. 1.

At all events, a town or city is not liable for injuries sustained by a highway-traveler caused by a washout adjacent to a culvert, if the washout was accidental or occurred without fault of the municipality, unless by the exercise of ordinary care it would have known of the washout in season to have prevented the accident.

CASE, for personal injuries alleged to have been caused by a defective highway culvert. Trial by jury and verdict for the plaintiff. Transferred from the December term, 1914, of the superior court by *Branch*, J., on the defendants' exception to the denial of their motion for a nonsuit.

On the night of November 22, 1913, while the plaintiff was traveling upon a highway in the defendant city, the wagon in which he was riding stopped so suddenly that he was thrown out and received the injuries for which he seeks to recover. An examination made the next morning disclosed that the highway was washed out to a depth of about two feet for a distance of three feet either side of a plank culvert in the highway, leaving .the culvert intact. The wagon was stopped by the forward wheels striking the culvert. Additional facts are stated in the opinion.

*Jesse F. Libby* and *Matthew J. Ryan* (*Mr. Libby* orally), for the plaintiff.

*Goss & James* and *Rich & Marble* (*Mr. James* orally), for the defendants.

YOUNG, J. A traveler who is injured by a defect in a highway is remediless at common law. *Sargent* v. *Gilford*, 66 N. H. 543.

Therefore, if the plaintiff can maintain this action it is because section 1, chapter 59, Laws of 1893, gives him that right. That section provides, among other things, that "towns are liable for damages happening to any person, his team or carriage, traveling upon a bridge, culvert, or sluiceway, or dangerous embankments and defective railings, upon any highway, by reason of any obstruction, defect, insufficiency, or want of repair of such bridge, culvert, or sluiceway, or dangerous embankments and defective railings, which renders it unsuitable for the travel thereon." The defendants concede that if the culvert as constructed was defective within the meaning of the foregoing section, it can be held that they were in fault for the plaintiff's injuries, but contend that that fact cannot be found. The only defect of which the plaintiff complains is the insufficiency of the culvert. Therefore, the question on this branch of the case is whether there is any evidence tending to prove that the culvert was insufficient. The test to determine the sufficiency of the culvert is not to inquire whether it caused the washout, but whether it was such a culvert as the ordinary man would have maintained at that place; for while the statutes make it the duty of towns to maintain sufficient culverts, it is held that they perform their duty in this respect if they maintain such culverts as the ordinary man would maintain in similar situations. *Hubbard* v. *Concord*, 35 N. H. 52.

The evidence relevant to the issue of the sufficiency of the culvert shows that at one time those living on the east side of the river in Berlin began to use a path through the woods, and that it was little more than a cart-path at the time of the plaintiff's injury, notwithstanding it had been used for public travel for twenty years or more and had been repaired by the city to some extent. Some years before the accident (perhaps ten) the city cut down a small hill and used the material removed from the cut to raise the road on both sides of a brook which crossed it at the place in question. Raising the road made a culvert necessary. The size of the original culvert did not appear, but it was shown to have been subsequently enlarged. There was no evidence as to why it was enlarged, or as to the extent and character of the water-shed, or as to the amount of water which would be likely to accumulate at that point. All that appeared was that a small stream of water usually flowed through the culvert. Whether by this was intended that the culvert was usually full, or that the stream was the size of a lead pencil, did not appear. From any evidence in the case, the water may have

come from a near-by spring, or the water-shed may have been so small as to be insignificant. There is nothing to show that the city ought to have anticipated that the culvert, which was about two feet wide and from sixteen to eighteen inches high, would not be large enough to take care of all the water which would accumulate at that point. From all that appears, there never had been any trouble with this culvert or that for which it was a substitute. In short, if it can be found that the original culvert was insufficient from the fact that it was subsequently enlarged, there is nothing to show that the enlarged culvert was not such as the ordinary man would have maintained at that place. It must be held, therefore, that the washout was an accident in so far as the city is concerned.

But it does not necessarily follow, however, from the fact that the city cannot be held liable for this plaintiff's injury, that it might not be liable for a similar accident, provided a washout for which a town is not in fault constitutes a defect in a culvert within the meaning of section 1, chapter 59, Laws of 1893. It is not necessary to now consider whether such a washout is a defect for which the city might be liable; for if it is (a question not considered and as to which no opinion is intended to be expressed) there is no evidence from which it can be found that the city was in fault for this accident. Assuming, but not deciding, that such a washout is a defect in a culvert for which a city may be liable (*Wilder* v. *Concord*, 72 N. H. 259, 263), the test to determine whether the defendants were in fault in the present case is to inquire whether they would have known of the washout in time to have prevented the accident if they had used ordinary care. While it would have been enough to charge the city to show that the defect in this culvert was due to its construction (*Lambert* v. *Pembroke*, 66 N. H. 280), that is not true when the damages are caused by an accidental defect, or by one arising without the city's fault. In such a case the plaintiff must show, not only that the defect was the cause of the injury, but also that the city was in fault for not discovering it in time to prevent the accident. In other words, to charge the city it must appear that the municipality was in fault either for the existence of the defect, or for not knowing of it.

Since the washout was an accident, or an occurrence for which the city was in no way at fault, the plaintiff cannot recover unless he shows that if the city had used ordinary care it would have known of the washout in time to have prevented his injury. *Hubbard* v.

*Concord,* 35 N. H. 52; *Johnson* v. *Haverhill,* 35 N. H. 74; *Palmer* v. *Portsmouth,* 43 N. H. 265; *Chamberlain* v. *Enfield,* 43 N. H. 356, 363; *Hearn* v. *Railroad,* 67 N. H. 320; *Clair* v. *Manchester,* 72 N. H. 231. Assuming that a washout for which the city is in no way at fault is a defect in a culvert within the meaning of the statute, the test to determine whether it can be held that the municipality is chargeable with the damages the plaintiff sustained is to inquire whether it can be found that the washout occurred so long before his injury that the defendants either knew or ought to have known of it in time to prevent the accident. The only evidence relevant to this issue is the testimony of several witnesses as to the condition of the road after the accident happened. There is nothing in their testimony from which it can be found when the washout occurred; nothing to suggest that they ever saw or heard of it until after the accident. In short, there is nothing to show that the accident did not follow the washout so closely that nothing any one could have done would have prevented the accident.

*Exception sustained.*

All concurred.