Hillsborough, }
March 2, 1926. }

## STATE v. WILLIAM L. SCOTT.

A statute declaring any structure which is erected or continued upon or over any highway in such manner as to obstruct or lessen the full breadth of the highway to be a public nuisance, subject to removal on order of the superior court (P. L., c. 92, s. 8), does not attempt to regulate the viatic or vehicular use of the highway.

A gas arm attached to a structure on private property, and extended over the sidewalk from time to time for the purpose of conveying gasoline to automobiles, is an adjunct to the vehicular use of the highway, and is not within the prohibition of the statute; and its maintenance cannot be enjoined in the absence of a finding that there is an unreasonable use of the highway.

INFORMATION, with prayer for an injunction, filed by the county solicitor, charging the defendant with maintaining a certain structure known as a gas arm, contrary to the provisions of P. S., c. 77, s. 8, and amendments thereto (P. L., c. 92, s. 8), and in violation of the laws and ordinances of the city of Manchester.

According to the agreed facts the defendant is the owner of a filling station, so-called, located on Elm street, which is a legal highway. For the purpose of furnishing gasoline to his customers, he has erected on his own property a device made of iron piping with hose attached through which gasoline can be pumped. This device when in use is swung out over the sidewalk and the hose inserted in the gasoline tank of the customer's car. When not in use, it occupies a stationary position at the side of the pump, which is located on the defendant's land.

The question whether on these facts the defendant can be found guilty of a violation of the statute and ordinances was transferred by *Branch*, C. J., without a ruling.

*George I. Haselton*, solicitor, for the state.

*Warren, Howe & Wilson* (*Mr. Charles B. McLaughlin* orally), for the defendant.

MARBLE, J. By the terms of the statute any structure which is erected or continued upon or over any highway is deemed a public nuisance. The word "highway" comprehends every public thoroughfare, whether road or sidewalk (*Hall* v. *Manchester*, 40 N. H. 410,

415), with its soil and all the space above it.  State v. Kean, 69 N. H. 122; Woodsville Fire District v. Stahl, 80 N. H. 502, 504; Exeter v. Meras, 80 N. H. 132.

The object of the statute is the preservation of the public right. State v. Kean, supra. It forbids incumbrances and encroachments, but does not attempt to regulate viatic or vehicular use as such. No facts are stated from which it can be found that the gas arm in and of itself actually hinders or obstructs public travel. Unless it does, it is not an incumbrance. Ib., 126.

Is it, then, an encroachment? To encroach is to intrude unlawfully upon the right or possession of another. A structure is none the less an encroachment because its intrusion is recurrent. Awnings do not encroach on "the limits reserved for public use" uninterruptedly, and yet the legislature understood that they were within the statute. Ib., 128.

While the gas arm in the present case resembles an awning so far as intermittency of use is concerned, the resemblance ceases at that point. The person who erects an awning over a sidewalk is not using the public way for any purpose for which highways are established. This is not true of the defendant's use. His gas arm is a vehicle for the transportation of gasoline.

The public easement includes all reasonable modes of travel and transportation which are not incompatible with the proper use of the highway by others. Graves v. Shattuck, 35 N. H. 257, 265. It is not restricted to the transportation of persons or property in movable vehicles (Cater v. Telephone Exchange Co., 60 Minn. 539, 544), but extends to every new method of conveyance which is within the general purpose for which highways are designed. Hendry v. North Hampton, 72 N. H. 351, 356; Richmond v. Bethlehem, 79 N. H. 78, 81.

This does not mean, however, that the public right may be exercised without restraint. The legislature may limit and control it (State v. Aldrich, 70 N. H. 391; Opinion of the Justices, 81 N. H. 566), and authorize city councils to pass any ordinance in respect thereto which is not repugnant to the constitution and laws of the state. Sherburne v. Portsmouth, 72 N. H. 539, 542; State v. Angelo, 71 N. H. 224, 228; State v. Hayes, 61 N. H. 264, 332; State v. Noyes, 30 N. H. 279, 293.

Extensive powers in this regard have been conferred upon the city of Manchester. But in exercising these powers the city has never made any regulation which applies to the present situation.

The ordinance which the defendant is charged with violating is a building ordinance dealing with signs, awnings, and other encroachments. Laws and Ordinances of 1924, *c.* 16, *s.* 16. Its aim is practically identical with that of the statute.

The general provision that no fixture or construction shall be placed on, over, or across any sidewalk without a permit from the superintendent of buildings does not seek to interfere with the occasional use by an abutting owner of devices employed as vehicles for highway traffic or transportation. The permanence with which such devices are attached to the owner's land cannot be of controlling importance. A derrick or swinging crane is not objectionable merely because the owner fails to dismantle it after each use. Structures permanently occupying highway space and yet designed for viatic purposes (doorsteps, entrances to buildings, and passages to cellars, for example) are dealt with in a separate section. Laws and Ordinances of 1924, *c.* 16, *s.* 5.

The surveyor of the department of highways is empowered "to regulate the construction and maintenance in, over, under and along the highways of said city of all wires, pipes, poles and all other structures . . . which are permitted by vote of the board of mayor and aldermen to be placed in, over, under, along or moved through said highways." Laws 1921, *c.* 202, *s.* 5.

Such vote is essential to the lawful maintenance in the highway of pole lines (P. L., *c.* 97), water- and gas-pipes (P. L., *c.* 98), tablets and monuments (P. L., *c.* 92, *s.* 19), signs and awnings (P. L., *c.* 92, *s.* 10), and temporary obstructions (P. L., *c.* 378, *s.* 9). Read in the light of these statutes, the meaning of the provision above quoted is clear. The highway surveyor is authorized to regulate the construction and maintenance of those objects which cannot be placed in the highway without permission, but no attempt is made to enlarge the powers of the city government by increasing the number or classes of objects thus subject to license and control.

While the city has special as well as general authority to regulate "traffic and travel" (Laws 1921, *c.* 202, *s.* 5; P. L., *c.* 54, *s.* 12, *cl.* VII), it has not attempted to deal with traffic handled by devices like the gas arm. The defendant has the right not only as a member of the public but as an abutting owner to receive and to deliver over the highway the commodity he is engaged in selling. Until that right has been limited or restricted by appropriate ordinance or statute the only issue which can properly be raised is that of

reasonable use.  That issue is for the trial court.  The question transferred must be decided in the defendant's favor.

*Case discharged.*

All concurred.