Rockingham,
Oct. 1, 1929.

### DUDLEY F. MUNROE *v*. DEERFIELD.

*William H. Sleeper* and *John W. Perkins* (*Mr. Perkins* orally), for the plaintiff.

*Thorp & Branch* (*Mr. Branch* orally), for the defendant.

MARBLE, J. The accident occurred on May 21, 1927, while the plaintiff was driving a loaded truck from Deerfield to East Northwood. The culvert in question was an ordinary box culvert constructed of stone. The rear wheel of the truck struck a hole in this culvert caused by the displacement of one of the covering stones,

so-called. This stone had apparently dropped off the side wall of the culvert and one end rested in the bed of the stream.

"The test to determine whether a culvert is sufficient for the travel thereon, Laws 1893, c. 59, s. 1 [P. L., c. 89, s. 1], is to inquire whether it is such a culvert as the ordinary man would maintain in that situation." *Goodwin* v. *Concord,* 79 N. H. 401. The defendant does not question this rule of law, nor deny that the culvert after the accident had occurred was in a defective condition. It is suggested, however, that there is no evidence that this condition existed prior to the accident or that the weight and jar of the truck itself did not dislodge the stone.

It is true that a town is not liable for injuries sustained by reason of a defective culvert where the defect has been caused by the action of the elements or by some third person unless the defect has existed long enough for the town in the exercise of due care to have discovered it. *Hickey* v. *Berlin,* 78 N. H. 69. On the other hand, where a culvert, although safe when built, is so constructed that a particular defect may reasonably be expected to develop later, the usual duty of anticipation devolves upon the town. *Howe* v. *Plainfield,* 41 N. H. 135, 138; *Lambert* v. *Pembroke,* 66 N. H. 280. Nor is it a defence that the culvert may have been adequate for the kind of travel on that particular highway at the time of its construction, for the public easement embraces new modes of transportation (*State* v. *Scott,* 82 N. H. 278, 279, and cases cited), and the obligation to maintain a culvert suitable for the customary travel is a continuing one.

Several witnesses testified that the culvert was not large enough to carry off the water. The defendant argues that this testimony is immaterial, since the plaintiff has failed to show any causal connection between this alleged inadequacy and the displacement of the covering stone.

A civil engineer, called by the plaintiff, testified as follows: "It was . . . a stone box culvert laid without any mortar . . . and draining a brook which . . . came down on the northerly side of the road and then crossed under the road at the culvert. . . . I am fairly certain from my observation of the culvert itself, the size of the brook running through it, and the drainage area . . . that certainly every spring water would flow over the roadway and could not be taken care of by the culvert, even when the culvert was new." He further testified that the backing up of the water due to the insufficient size of the culvert would have a tendency to saturate the entire roadbed and thereby displace or loosen the culvert cover.

The use of motor trucks in this state is not restricted to special highways, and the plaintiff was accustomed to drive over this identical highway three times each week. The jury had a view of the locality, and on the evidence they might well have found that the defendant ought reasonably to have anticipated the weakening of the culvert and the consequent likelihood that it might not properly support a loaded truck. See *Burke* v. *Railroad*, 82 N. H. 350. As suggested in the plaintiff's brief, common reasoning would inform the jury that if the surface of the road over the roof of the culvert was soft and saturated with water, the occasional striking of the wheels of vehicles against the ends of the unfastened covering stones would, in all probability, cause them to be driven beyond the inner edge of the supporting wall and become easily unseated.

But it was not necessary that it should appear more probable than otherwise that the culvert would collapse. If the danger was such that ordinary men would recognize it and take precautionary measures, then the culvert was insufficient within the meaning of the statute. *Tullgren* v. *Company*, 82 N. H. 268, 276; *Webster* v. *Seavey*, 83 N. H. 60, 63. The determination of this question was obviously for the jury.

In accordance with the agreement of the parties, the order is

*Judgment for the plaintiff for $200 and costs.*

BRANCH, J., did not sit: the others concurred.