Hillsborough, }
Dec. 6, 1938. }

MARY E. SHEA *v.* MANCHESTER.

JEREMIAH P. SHEA *v.* SAME.

*Sullivan & Sullivan* (*Mr. Thomas E. Dolan* orally), for the plaintiffs.

*William H. Craig* and *J. Francis Roche* (*Mr. Roche* orally), for the defendant.

MARBLE, J.   Counsel for the defendant concede that the city of Manchester in furnishing water to its inhabitants at established rates acts in a private, proprietary capacity and may therefore be held liable for an injury caused by the negligent maintenance of its water system.   See *Douglas* v. *Hollis*, 86 N. H. 578, 580, and cases cited. The accident occurred on the afternoon of June 5, 1936, and the cap over which the plaintiff fell had worked up some three inches above the level of the sidewalk through the action of the frost that spring.

Since this situation was created by weather conditions and since there is no evidence that the defendant knew that the cap had risen appreciably, counsel invoke the rule of *Hickey* v. *Berlin*, 78 N. H. 69, 71, 72, and suggest that this dangerous condition had not existed long enough for the defendant, in the exercise of ordinary care, to have discovered it.

The evidence does not demand any such conclusion but, even if it did, the defendant would not be entitled to a directed verdict. The emergency man for the waterworks testified that during a period of five years his attention had been called to about fifty of these caps which had worked up too far, and the superintendent of the waterworks stated on direct examination that "at least enough of them come up to constitute a danger to the users of the sidewalks."   The latter expressed the opinion that "Frost causes some [to rise], and the earth washes away from around others."   In view of this evidence the jury may well have found that the defendant ought to have an-

ticipated such a contingency as that which caused the plaintiff's injury. *Munroe* v. *Deerfield*, 84 N. H. 144, 145, and cases cited.

The defendant also contends that the plaintiff was guilty of contributory negligence as a matter of law. It is true that the plaintiff knew that the cap "was up higher than it should have been" and that she usually took pains to avoid it. But her attention was diverted that morning by a neighbor, who called to her from across the street. She testified: "I was walking along the sidewalk and Mrs. Raymond called to me from her doorstep. She spoke to me something about the weather or something like that, and just unknowingly, of course, I thought I would go over into the center of the street so that I could hear her .... I must have ... caught my foot in the cap, and it threw me out into the street."

The fact that the plaintiff knew the location and condition of the cap and was momentarily forgetful does not conclusively establish her fault. *Barrett* v. *Company*, 85 N. H. 33, 35, and cases cited. The issue of contributory negligence was for the jury.

The motion to set aside the verdict as contrary to the law and the evidence presents no question not saved by the exceptions already considered. *Hould* v. *Company*, 83 N. H. 474, 476; *Bennett* v. *Larose*, 82 N. H. 443. The contention that the verdict is contrary to the weight of the evidence has been determined adversely to the defendant by the Presiding Justice and no error of law in connection with his decision has been shown. *Dunlap* v. *Foss*, 82 N. H. 449, 451; *Wisutskie* v. *Malouin*, 88 N. H. 242.

*Judgments on the verdicts.*

BRANCH, J., was absent: the others concurred.