JAMES W. TUCKER, JR. *v.* HAMPTON.

*Arthur J. Reinhart* (by brief and orally), for the plaintiff.

*John W. Perkins* and *Everett P. Holland* (*Mr. Perkins* orally), for the defendant.

BLANDIN, J. The plaintiff's first exception is to the refusal of the Court to allow him to introduce a plan, allegedly prepared by the State Highway Department some ten years previous to the taking of the land in question, which indicated a proposed relocation of Marsh Avenue running adjacent to the plaintiff's land from the nearest portion of which it is now some three hundred feet distant. The plan was not verified. 3 Wig. Ev. (3d *ed.*), *ss.* 790-794. There was no offer made to do so when counsel for the defendant refused to agree that such a "proposed plan" of the highway department existed, nor was there any evidence the plan was still under consideration by the department. The Court excluded it as "too remote and immaterial" to establish the fair market value of the land. The admissibility of this documentary evidence was within the sound discretion of the Trial Judge. *Williams* v. *Williams*, 87 N. H. 430, 431, 432, and authorities cited; 32 C. J. S., Ev., *s.* 624. Considering all the circumstances including the lack of proof and the remote and speculative character of the evidence no abuse of discretion appears and the exception is overruled. *Dowling* v. *Shattuck*, 91 N. H. 234; *Hunt* v. *Company*, 94 N. H. 421, 424, and cases cited. The situation here is clearly distinguishable from that in *March* v. *Portsmouth Railroad*, 19 N. H. 372, cited by the plaintiff where the plan in question showed according to the testimony of the engineer "how the road must, or will probably, be constructed." *Id.*, 376.

The exclusion of six deeds relating to property in the neighborhood but not similarly located to the plaintiff's land also raises only the question of the Court's abuse of discretion. Without reciting the evidence it seems sufficient to say that the record fails to show any abuse in the exclusion of testimony relating to sales of other property which were not shown to be similar to that of the plaintiff. *Eames* v. *Corporation*, 85 N. H. 379, 382, 383, and cases cited.

The plaintiff's motion to set aside the verdict raises no questions not saved by special exceptions taken during the trial (*Shea* v. *Manchester*, 89 N. H. 547, 549, and cases cited) and no grounds appearing for disturbing the Court's denial of this motion the order is

*Judgment on the verdict.*

All concurred.