### STATE v. TOWN OF BURLINGTON.

#### Towns. Nuisances.

Municipal corporations are not liable to a private action in favor of an individual, or to an indictment, for a failure to perform a duty imposed upon them, not by their charter, but by a general law of the State, except when expressly made subject to such remedies by the statute.

The removal or abatement of nuisances erected or created by private persons, cannot be considered as a corporate duty imposed by law upon towns.

INDICTMENT for nuisance. Trial by jury, April Term, 1863, PIERPOINT, J., presiding. The substance of the indictment is given in the opinion of the court.

The court pro forma instructed the jury that if the testimony was believed by them they should return a verdict of guilty. The jury accordingly found the respondent guilty. The court also overruled a motion by the respondent in arrest of judgment for the insufficiency of the indictment. Exceptions by the respondent.

34

State *v.* Burlington.

*E. R. Hard*, for the respondent, cited *Hooper* v. *Emery*, 2 Shepley 375 ; *Adams* v. *Wiscasset Bank*, 1 Greenl. 361 ; *Peck* v. *Ellsworth*, 36 Maine 393 ; *Reed* v. *Belfast*, 20 Maine, 246 ; *Eastman* v. *Meredith*, 36 N. H. 284.

*Jeremiah French*, for the State, cited to the point that an indictment lies against a *quasi* corporation for neglecting to do what the common good requires, *Lyman* v. *White River Bridge Co.*, 2 Aik. 255 ; *State* v. *Vt. C. R. R. Co.*, 27 Vt. 105 ; *Queen* v. *Gr. N. of Eng. R. R. Co.*, 58 Eng. C. L. 314 ; *State* v. *M. & E. R. R. Co.*, 3 Zabris. 260 ; *People* v. *Albany*, 11 Wend. 539 ; Ang. & Ames on Corp., 430.

POLAND, CH. J.  The indictment alleges that the defendant unlawfully and knowingly did keep and permit to be and remain in, upon and near to a certain street in said town of Burlington aforesaid, commonly called King street, a certain amount of putrid, filthy, noxious and stagnant water, by and from which divers hurtful, pernicious and unwholesome smells on the day and during the time aforesaid did and doth rise, and the air then was, and yet is thereby greatly corrupted and infected to the great damage and common nuisance not only of all the citizens of said town of Burlington aforesaid, there resident and dwelling, but also of all the citizens of said county of Chittenden aforesaid, passing and re-passing, &c.

The evidence reported shew that several persons residing contiguous to the street had so constructed their drains and gutters, that the slops and waste water from their premises was conducted into the ditch by the side of the street, and that from this cause offensive and unwholesome odors arose, offensive to the inhabitants living on the street ; that the selectmen of Burlington had been applied to, to take measures to prevent a continuance of the same, but that they had neglected to do so.  It was not shown that the safety and comfort of travelers upon the street, was in any way affected by this condition of the ditch, so that the case is not affected in any manner by the statutes obliging towns to keep their highways in repair, and subjecting them to indictment, for allowing them to be out of repair.  Nor is it claimed

that the town, or any of its officers, had any part in the creation of the nuisance complained of, but the alleged offence of the town consists in its not taking measures to correct or remove a nuisance created or erected by a private person.    It is not claimed that this case is different in principle, from that of a private person who should keep a slaughter house or carry on any offensive trade or business, in a thickly inhabited neighborhood, so as to be a public nuisance, and which the selectmen should neglect to remove or abate.

The 8th section of chap. 99, Gen. Stat. 615, is as follows: "The selectmen shall examine into all nuisances, sources of filth, and causes of sickness that may in their opinion be injurious to the health of the inhabitants within their town, and the same shall destroy, remove or prevent as the case may require.

It hardly appears from the evidence reported, that this nuisance was of a character to be injurious to the health of the inhabitants ; or that was any more than annoying and disagreeable. But conceding that it was injurious to health, and so was the duty of the selectmen to remove or prevent it, and they failed to perform their legal duty, does that constitute an offence by the town for which it is liable to be indicted and punished?

The ground assumed by the prosecutor is this, that the abatement or removal of this nuisance, was a corporate duty resting upon the town, and that for any failure to perform a corporate duty, which produces a public mischief, the public may have redress by indictment.

So far as ordinary corporations created by special grant or charter are concerned the proposition is doubtless a sound one. But as applied to corporations like our towns, wholly municipal and governmental in their character, public, political sub-divisions of the country, formed mainly for the purpose of aiding to carry on the government of the country, we think it cannot be maintained.    It seems to be very well settled, that such corporations are not liable to a private action in favor of an individual, or to an indictment for a failure to perform a duty imposed upon them, not by their charter, but by a general law of the State, except when expressly made subject to such remedies by the

statute .itself.  See *Biddle* v. *Locks and Canals*, 7 Mass. 169 ; *Mower* v. *Leicester*, 9 Mass. 250 ; *Chudsey* v. *Canton*, 17 Conn. 475 ; *Baxter* v. *Winooski Turnpike Co.*, 22 Vt. 123 ; *Farmer* v. *Concord*, 2 N. H. 1 ; *Eastman* v. *Meredith*, 36 N. H. 284, where the whole subject is very fully examined by PERLEY, CH. J.

The course of legislation in this state seems always·to have gone on this principle.  The most important, probably, of all duties imposed by law upon our towns, so far as the inhabitants. of the town, or the public generally are concerned, are those of building and maintaining the public highways, and the support of schools.

In both these cases the legislature have specially provided that any failure of the towns to perform the duty imposed on them, may be punished by indictment; and they are also made liable to any person who shall suffer special damage by reason of their neglect to keep their highways in repair, in a civil action.

·  If the general principle of corporate liability, above alluded to, applies to towns, there was certainly no need of any such careful legislation in these instances.

Upon this ground we think the prosecution is not maintainable. But we are also of opinion that the removal or abatement of nuisances, erected or created by private persons, cannot be considered as a corporate duty imposed by law upon towns.   The statute imposes a duty in this respect upon selectmen, not positive and absolute, but dependent upon the exercise of their judgment and discretion.   This cannot be considered as creating a corporate duty on the town, unless we can assume that all and every duty which by general laws is devolved upon officers elected by the town, is a corporate duty, and that the failure of every town officer to perform his official duty subjects the town to suit, or indictment, if the consequence is injurious, either to any individual or to the community generally.

, But no such principle has ever been understood to prevail, except where the liability was created by statute.

For the official conduct of town clerks and constables the towns are made liable, and they are authorized to take bonds from such officers to indemnify the town against any official mis-

·conduct, but not so as to all other officers. The general super-vision of the business affairs and concerns of towns is given to the selectmen, and in the performance of such duties they are agents of the town, and they may bind the town by their acts, and the town be liable for their acts, in much the same manner, and upon the same principles that obtain between ordinary principals and agents.

But when the legislature by general laws devolve certain duties relative to the general police, upon selectmen, they do not become corporate duties and obligations of the town, any more than such duties required to be performed by constables, grand jurors, or justices of the peace. If there is any liability to individuals, or to the public, growing out of their failure to perform such duties, it is upon the officer, and not upon the town.

Upon this ground, also, we think the facts proved did not sustain the indictment against the town.

No question has been made before us as to the sufficiency of the indictment, and we have not given it, therefore, any careful consideration. It does not appear from the indictment but that the nuisance complained of was occasioned by the town itself, or its agents in the performance of their proper agency for the town, so that the town might properly be held liable therefor.

But the evidence given in support of it, we are satisfied, made no sufficient case for the conviction of the town, and the exceptions are therefore sustained, and a new trial granted.