COÖS.

---

BOLLES *v.* DALTON.

| 59 | 479 |
|----|-----|
| 68 | 273 |
| 59 | 479 |
| 69 | 491 |
| 59 | 479 |
| 70 | 46 |
| 59 | 479 |
| 71 | 27 |
| 59 | 479 |
| 74 | 213 |

A claimant of damages for a defective highway, who has not filed his claim within the ten days prescribed by Gen. Laws, *c.* 75, *s.* 7, may be allowed to file it under *s.* 9, if his omission was caused by his ignorance of the law, without any neglect or fault on his part, and if " manifest injustice would otherwise be done."

PETITION, upon Gen. Laws, *c.* 75, *s.* 9, for leave to file a claim against the defendants for damage caused by a defective highway. The plaintiff omitted to file her claim within ten days, because she did not know that the law required a claim to be filed.

*Ray, Drew & Jordan,* for the plaintiff.

*Ladd & Fletcher,* for the defendants.

DOE, C. J.   A traveller receiving an injury from a defect of a highway, and unavoidably prevented from filing his claim for damages within ten days, may apply to the court within six months, and if the court are of opinion that manifest injustice would otherwise be done, they may allow his claim to be filed. G. L., *c.* 75, *s.* 9.   Any person aggrieved by a decision of a judge of probate, who was prevented from appealing therefrom within sixty days, through mistake, accident, or misfortune, and not from his own neglect, may, on petition within two years, be allowed an appeal. G. L., *c.* 207, *s.* 7.   If, through accident, mistake, or misfortune, a party excepting fails to enter his bill of exceptions at the next law term, the court, on petition filed within one year, may allow the bill to be entered.   G. L., *c.* 208, *s.* 15.   A new trial may be granted when justice has not been done, through accident, mistake, or misfortune, and a further hearing would be equitable.   G. L., *c.* 234, *s.* 1.   In *Parker's Appeal*, 15 N. H. 24, the petitioner examined the statute, but overlooked the provision requiring a bond and notice. And it was held that the mistake may be either of fact or of law; that he could not be charged with neglect, for he examined the

statute for the purpose of informing himself; and that as he mistook the law by which he intended to regulate his course, he should be allowed to appeal.

If the plaintiff's ignorance of the law was due to no neglect or fault of hers, and if manifest injustice would be done by denying this petition, she should be allowed to file her claim. There are decisions in analogous cases tending to show on what grounds applications of this kind should be granted or denied. *Matthews* v. *Fogg*, 35 N. H. 289; *Tilton* v. *Tilton*, 35 N. H. 430; *Moulton's Petition*, 50 N. H. 532; *Grout* v. *Cole*, 57 N. H. 547; *Rice's Petition*, 58 N. H. 200; *Holton* v. *Olcott*, 58 N. H. 598; *Rigney* v. *Hutchins*, 9 N. H. 257; *Emery* v. *Chesley*, 18 N. H. 198; *Weld* v. *Sabin*, 20 N. H. 533; *N. E. M. F. Ins. Co.* v. *L. M. Co.*, 22 N. H. 170; *Chase* v. *Brown*, 32 N. H. 130; *Coburn* v. *Rogers*, 32 N. H. 372; *N. & L. R. R.* v. *Stimpson*, 35 N. H. 286; *Handy* v. *Davis*, 38 N. H. 411; *Heath* v. *Marshall*, 46 N. H. 40; *Woodworth* v. *Wilson*, 50 N. H. 220; *T. & G. Co.* v. *Portsmouth, ante*, 33.

                                            *Case discharged.*

STANLEY, J., did not sit: the others concurred.