## GITCHELL v. ANDOVER.

Leave to file a claim against a town, under Gen. Laws, c. 75, s. 9, may be granted without a full trial of the merits of the claim, when the petitioner has suffered substantial damage, intends in good faith to try the question of his right to recover, introduces evidence tending to prove all material facts, and was unavoidably prevented from filing his claim within ten days; and justice manifestly requires he should have an opportunity to prosecute it.

PETITION, under Gen. Laws, c. 75, s. 9. The petitioner alleged that he received the injury of which he complained, Nov. 17, 1878; and, subject to the defendants' exception, the court allowed the petition to be amended by striking out 17 and inserting 18.

*Gould*, for the plaintiff.

*Shirley*, for the defendants.

STANLEY, J.   It was not the design of the statute to subject the parties to the expense of two trials.   The plaintiff, while travelling on a highway in Andover, was seriously injured, and was unavoidably prevented from filing a claim for damages against the town within the time prescribed by the statute.   He introduced evidence tending to prove all the facts essential to his right to recover, and he intends in good faith to prosecute his claim and bring it to a trial.   The defendants offered evidence tending to disprove their liability, and contended that leave should not be granted, unless it appeared, upon a full trial of the case, that the plaintiff was entitled to recover.   The court, finding that the plaintiff was unavoidably prevented from filing his claim as required by the statute, and that justice manifestly required that he should have an opportunity to prosecute it, properly granted his petition without a full trial of the merits of the case.   It may appear that a claimant ought to have a trial without a full trial of the merits (*Holton* v. *Olcott*, 58 N. H. 598), and when it does, the petition should be granted. This proceeding is not unlike a petition for leave to appeal from a probate decree, or a petition for a new trial where justice has not been done and a further hearing would be equitable.   In such cases, if it appear that important questions of fact or law are involved, which the petitioner intended and was reasonably entitled to litigate, and that he has been prevented through accident, mistake, or misfortune, and not from his own fault, the petition is granted.   *N. E. Ins. Co.* v. *Lisbon Mfg. Co.*, 22 N. H. 172; *N. & L. R. R.* v. *Stimpson*, 35 N. H. 286; *Matthews* v. *Fogg*, 35 N. H. 289.   The question in all such cases is, What, in view of all the circumstances, does justice require?—and this is not to be determined upon any narrow or technical ground.   The purpose of the statute was remedial.   Its object was to prevent a failure of justice where the party seeking it is without fault.

The amendment was properly allowed.   The petition is a proceeding in the course of justice.   *Stebbins* v. *Ins. Co.*, 59 N. H. 143.

*Exceptions overruled.*

BINGHAM and ALLEN, JJ., did not sit: the others concurred.