## SARGENT *v.* GILFORD.

At common law, towns are not liable to travellers for injuries caused by defective highways.

An action cannot be maintained against a town, under *s.* 1, *c.* 75 of Gen. Laws, unless the plaintiff has filed the statement required by *s.* 7 or *s.* 9 of the same chapter, amended by *c.* 65, Laws 1885.

CASE, for loss suffered in consequence of injuries to the plaintiff's wife caused by a defective highway. In an action by the wife for her injuries, she was allowed, on petition, to file a statement of her claim under Gen. Laws, *c.* 75, *s.* 9. The defendants moved to dismiss the action because the plaintiff has not filed a statement of his claim.

*W. S. Peaslee*, for the plaintiff.

*E. A. & C. B. Hibbard* and *S. C. Clark*, for the defendants.

CHASE, J. The state provides public roads in part by making special appropriations for particular highways (see joint resolutions making such appropriations passed at each session of the legislature), in part directly by its own officers (Laws 1887, *c.* 97), and generally through the agency of counties and towns (G. L., *title* 9). In the performance of this duty, towns are instruments of the state,—mere pieces of governmental machinery. One object of their creation was to enable the state to perform this duty more conveniently, thoroughly, and economically through their instrumentality. The duty is a public one, and it was placed upon towns without their procurement or assent. They derive no special benefit, pecuniary or otherwise, from the performance of it. The service is not due from them to the state or to the public by force of a common-law obligation, but is imposed upon them by statute.

If the state had undertaken to perform the duty without the intervention of towns, parties suffering damages from its neglect would have no remedy unless the state permitted itself to be sued. *Beers* v. *Arkansas*, 20 How. 527; *Carr* v. *United States*, 98 U. S. 433; *Troy & Greenfield Railroad* v. *Commonwealth*, 127 Mass. 43; *Connecticut River Railroad* v. *Commissioners*, 127 Mass. 50, 57; *Dewey* v. *Garvey*, 130 Mass. 86; *Wesson* v. *Commonwealth*, 144 Mass. 60; *Murdock Grate Company* v. *Commonwealth*, 152 Mass. 28, 31. The liability of towns in respect to highways does not differ in character or extent from that which would attach to the state if it provided and maintained highways directly. It depends upon the same conditions. It is limited to that which the state permits, as set forth in the statutes on the subject.

*Wooster* v. *Plymouth*, 62 N. H. 193, 204–223 ; *Farnum* v. *Concord*, 2 N. H. 392 ; *Morrill* v. *Deering*, 3 N. H. 53 ; *Rowe* v. *Portsmouth*, 56 N. H. 291, 294; *Clark* v. *Manchester*, 62 N. H. 577.

*Wheeler* v. *Troy*, 20 N. H. 77, in which the contrary view is reported, has never been accepted as the law of the state. Assuming that the case was correctly reported (a point on which serious doubts have been entertained), it failed to acquire the position of an important authority in consequence of comments, made before its publication, in *Eastman* v. *Meredith*, 36 N. H. 284, 299, 300. There is no reported case since it was decided in which the plaintiff's cause of action is based upon the common law. There are several cases in which much thought and labor were expended to show that they came within statutory provisions, which would have been unnecessary if it had been understood that there was a common-law as well as a statutory liability. *Conway* v. *Jefferson*, 46 N. H. 521 ; *Woodman* v. *Nottingham*, 49 N. H. 387 ; *Elliott* v. *Lisbon*, 57 N. H. 27. The fact that no one has set up a common-law liability in such cases for so many years is evidence that no such liability exists. It is so held in other jurisdictions. *Mower* v. *Leicester*, 9 Mass. 247 ; *Oliver* v. *Worcester*, 102 Mass. 489, 499 ; *Hill* v. *Boston*, 122 Mass. 344 ; *Nash* v. *South Hadley*, 145 Mass. 105, 107 ; *Chidsey* v. *Canton*, 17 Conn. 475 ; *Reed* v. *Belfast*, 20 Me. 246 ; *Mitchell* v. *Rockland*, 52 Me. 118 ; *Hyde* v. *Jamaica*, 27 Vt. 443 ; *State* v. *Burlington*, 36 Vt. 521 ; 2 Dill. Mun. Corp. (3d. ed.), *ss.* 997, 1,000 ; Cool. Con. Lim. 247.

Sections 7, 8, and 9, *c.* 75 of the General Laws, were introduced into the law in 1878 as an amendment to "chapter 69 of the General Statutes, relating to damages happening in the use of highways." Laws 1878, *c.* 35. The words "every person sustaining damage to his person, team, or carriage, while travelling upon any highway," etc., in the amendment, were intended to cover the idea expressed in section one of the chapter to be amended by the words "damages happening to any person, his team, or carriage, travelling upon a highway," etc., and to connect the two sections. The slight variation in the form of expression seemed necessary to make the amendment express the intended requirement respecting notice.

The object of notice is to enable the officers of towns to obtain full and correct information concerning the cause and extent of injuries for which damages are claimed while the physical facts are unchanged, and while other facts relating to the accident are fresh in memory, thereby enabling them to settle claims without litigation if they turn out to be honest and well founded, or successfully to resist them if they are false or exaggerated. *Leonard* v. *Bath*, 61 N. H. 67 ; *Carr* v. *Ashland*, 62 N. H. 665 ; *Robin* v. *Bartlett*, 64 N. H. 426. The liability to imposition and fraud is as great in cases where consequential damages are claimed for injuries to one's wife or servant, as in cases where the injuries

happened to the person, team, or carriage of the claimant, and no reason exists why there should not be the same opportunity for settlement without litigation.

The statement filed by the plaintiff's wife did not fulfil the statutory requirement for the plaintiff. He is the party making the claim in this suit, and to sustain his claim he must show, in the first instance, that a statement was filed in his behalf. *Sowter* v. *Grafton*, 65 N. H. 207.

The motion to dismiss should be granted.

*Case discharged.*

ALLEN, J., did not sit : the others concurred.