CHADBOURNE v. EXETER.

·On a petition for leave to file a claim against a town for damages resulting from a defective highway, evidence on which a jury could properly return a verdict for the plaintiff is sufficient to warrant a finding that manifest injustice would be done by refusing to grant the petition.

PETITION, under Gen. Laws, c. 75, s. 9. The plaintiff's uncontradicted evidence tended to prove that about noon, December 22, 1890, she slipped and fell on the icy and unsanded sidewalk ·of Main street in the village of Exeter, while walking thereon, and was seriously injured ; that she was familiar with the street, and had noticed ice on the walk at other places, but not at the place where she fell ; and that she wore rubbers and stepped carefully. The defendants conceded that she was unavoidably prevented from filing the statement required by the statute within ten days after her injury, and that she intended in good faith to prosecute her claim. They objected to the granting of the petition, on the ground that the evidence was insufficient to show due care on the part of the plaintiff or negligence on the part of the defendants, and did not warrant a finding that manifest injustice would be ·done by a denial of the petition. The court granted the petition, and the defendants excepted.

*Russell & Boyer*, for the plaintiff.

*Arthur O. Fuller* and *Edwin G. Eastman*, for the defendants.

CARPENTER, J. There was evidence tending to prove the facts necessary to be established in order to entitle the plaintiff to recover in an action against the town. A verdict in her favor ·could not be set aside on the ground that there was no evidence tending to show that she exercised ordinary care, or that the ·defendants neglected their duty. To deny the plaintiff an opportunity to try the merits of her claim, when, on the evidence presented, a verdict might properly be found in her favor, may be manifest injustice within the meaning of the statute. *Gitchell* v. *Andover*, 59 N. H. 363.

*Exceptions overruled.*

SMITH, J., did not sit : the others concurred.