Rockingham, }
   June, 1895. }

## BOYD v. DERRY.

. A town is liable, under Laws 1893, c. 59, s. 1, for damages happening by reason of the defect, insufficiency, or want of repair of a covered drain beneath a sidewalk.

Whether a failure to file the statement of claim required by P. S., c. 76, s. 7, was without fault or neglect on the part of the person injured, is a question of fact upon which the finding at the trial term is conclusive.

PETITION, under P. S., c. 76, s. 8, for leave to file a statement of a claim for damages resulting from a defective culvert. Facts found by the court.

There was a covered drain leading from the gutter between the carriage-way and the sidewalk to a point about midway of the sidewalk, and there turning and running in the direction of the sidewalk about seven feet to a point where it connected with a culvert extending across the highway. There were holes in the sidewalk above this drain, caused by the sifting of the sand and gravel between the covering stones into the drain. The plaintiff, while walking on the sidewalk in the evening, stepped into one of these holes and was injured. The defendants denied their liability on the ground that the place of the injury was not "a bridge, culvert, or sluiceway," within the meaning of Laws 1893, c. 59, s. 1.

The plaintiff testified, in substance, that she did not know about the law requiring the filing of a statement of a claim of this nature; that on the eighth day after the injury, her husband, at her request, sent a letter to the selectmen of the town notifying them of the accident, which they supposed was sufficient compliance with the law; and that she was too sick to attend to it herself and entrusted the matter to her husband, not understanding that she was to do it in person. Upon this evidence, it was found that the plaintiff was unavoidably prevented from filing a statement, and leave to file one was granted, subject to the defendants' exception.

*George I. McAllister* and *Burnham, Brown & Warren,* for the plaintiff.

*Greenleaf K. Bartlett* and *John S. H. Frink,* for the defendants.

CHASE, J. "Towns are liable for damages happening to any person . . . traveling upon a bridge, culvert, or sluiceway . . . upon any highway, by reason of any obstruction, defect, insufficiency, or want of repair of such bridge, culvert, or sluiceway . . . which renders it unsuitable for the travel thereon." Laws 1893, *c.* 59, *s.* 1. "Culvert" is here used in its ordinary sense, namely, a covered drain under a road, designed for the passage of water. The jury would be warranted in finding that the plaintiff's injury happened by reason of a defect, insufficiency, or want of repair of a culvert, within the meaning of the statute.

The plaintiff's evidence tended to show that her failure to file a proper statement of her claim within ten days after receiving her injury (P. S., *c.* 76, *s.* 7) was due to her ignorance of the law, and was without any neglect or fault upon her part. It justified the court's finding (*Bolles* v. *Dalton,* 59 N. H. 479; *Kelsea* v. *Manchester,* 64 N. H. 570); and the finding is conclusive upon the parties. *Sewell* v. *Webster,* 59 N. H. 586; *Page* v. *Campton,* 63 N. H. 197.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.