Strafford, }
Dec., 1895. }

GALE v. DOVER.

A town is liable, under Laws 1893, *c.* 59, *s.* 1, for damages happening by reason of the defective condition of a sewer covering located in a highway.

CASE, for damages to the plaintiff's horse from a defective highway. Trial by jury and verdict for the plaintiff. If the defect from which the damage arose is one for which the defendants are liable, the plaintiff is entitled to judgment; otherwise, there is to be judgment for the defendants.

*W. S. & D. R. Pierce*, for the plaintiff.

*William F. Nason*, for the defendants.

PARSONS, J. The plaintiff's horse stepped upon the covering of an opening in the highway designed to admit the surface water into the sewer beneath the street, and because of a defect in such covering was injured, as the plaintiff claimed. The only question reserved is whether the defect in the covering of the opening into the sewer is a defect for which the city is liable under *c.* 59, *s.* 1, Laws 1893. By that statute towns are made liable " for damages happening to any person, his team or carriage, traveling upon a bridge, culvert, or sluiceway, . . . upon any highway, by reason of any obstruction, defect, insufficiency, or want of repair of such bridge, culvert, or sluiceway," which renders the highway unsuitable for the travel thereon. There is no distinction material in this case between a sewer and a culvert. A sewer is a drain or passage to carry off water or filth underground, a subterraneous channel through which water runs off. Webster Inter. Dict., ed. 1894. A culvert, as used in the statute, is a covered drain under a road designed for the passage of water. *Boyd* v. *Derry*, *ante*, p. 272. The hole into which the plaintiff's horse thrust his foot was over such a drain, and the injury was caused by the defective covering of a portion of the underground passage designed to carry off the surface water of

the street. Such a defect is within the statute, and according to the reserved case there should be judgment for the plaintiff.

*Case discharged.*

CLARK, J., did not sit: the others concurred.