Merrimack, ⎰
Dec., 1900. ⎱

WELSH *v.* FRANKLIN.

Leave may be granted to file a statement of claim for damages caused by a defective highway, when the evidence is conflicting as to the nature of the defect and the cause of the accident, and there are questions in controversy which the plaintiff should be permitted to litigate.

PETITION, for leave to file a statement of a claim for damages caused by a defective culvert or sluiceway. Facts found by the court.

On the westerly side of Prospect street, a public highway in Franklin, there is a sidewalk, a part of which, about 150 feet long and

six feet wide, is made of plank.   Underneath the plank portion there is an open ditch with a concreted surface, into which surface water from the street is .conducted near the upper end and from which it flows through pipes into a sewer located under the center line of the street, or flows out at the lower end of the plank walk through a continuation of the ditch.   The easterly side of the plank walk is about six inches above the surface of the street, the intervening space being open.   The street at this place is narrow, and one reason for raising the plank walk above the level of the street was to protect the persons using it from injury from passing teams.   Another reason was to provide a sidewalk above the ditch.

The plank walk and ditch, together or separately, are not a " culvert " or " sluiceway," within the meaning of those words as used in section 1, chapter 59, Laws 1893 ; but the plank walk is a " bridge," within the meaning of that term in the statute.   The plaintiff has leave to amend her petition so as to cover this finding.   February 9, 1899, the plaintiff, while walking on the plank walk, fell and was injured in consequence of an alleged defect in it.   The evidence was conflicting as to the cause of her fall, her evidence tending to show that it was a hole in the walk; the defendants', that it was the slippery condition of the walk caused by ice and snow.   The plaintiff, being unavoidably prevented from seasonably filing a statement of her claim as required by section 7, chapter 76, of the Public Statutes, was given leave to file one, subject to exception.

*Willis G. Buxton* and *David F. Dudley*, for the plaintiff.

*Leach, Stevens & Couch*, for the defendants.

WALLACE, J.   Whether the point at which the plaintiff was injured was a bridge, a culvert, or a raised sidewalk, merely, need not be definitely determined at the present time.   " It was not the design of the statute to subject the parties to the expense of two trials. . . . If it appear that important questions of fact or law are involved which the petitioner intended and was reasonably entitled to litigate, and that he has been prevented through accident, mistake, or misfortune and not from his own fault, the petition is granted," if a further hearing would be equitable.   *Gitchell* v. *Andover*, 59 N. H. 363, 364 ; *Chadbourne* v. *Exeter*, 67 N. H. 190.   It has been found as a fact that the plaintiff ought to be permitted to litigate the question in controversy between herself and the defendants.   *Page* v. *Campton*, 63 N. H. 197.

The controversy between the parties may be whether the place of injury was a culvert or bridge, within the meaning of the stat-

ute. This is an important question which the court at the trial term found the plaintiff should be permitted to litigate. In the trial of her suit, neither party will be concluded by the finding that the place was a bridge and not a culvert, or merely a sidewalk. It cannot be said that on a full investigation the evidence will not show the spot either a bridge or a culvert, although it may appear it is neither one nor the other.

The question whether the city is liable if the accident happened from ice and snow on the surface of the planking does not arise at this time, because there was evidence to show that the accident was caused by a hole in the planking.

*Exception overruled.*

CHASE, J., did not sit: the others concurred.