Rockingham, }
Sept. 5, 1901. }

### HENDRY v. NORTH HAMPTON.

Whether the denial of an opportunity to litigate a claim for damages caused by a defective highway would constitute manifest injustice, and whether the defect complained of was the cause of the plaintiff's injury, are questions of fact.

PETITION, under section 8, chapter 76, of the Public Statutes, to be allowed to file the statement required by section 7 of the same chapter.    Facts found, and case transferred from the January term, 1901, of the supreme court, by *Young*, J.

The surface of the highway where the accident happened is level with the top of a wall on the side line.    The wall is about two and a half feet high.    There was a hole in one of the wheel tracks, which was within two feet of the wall.    The plaintiff while in the exercise of due care rode her bicycle into this hole, causing the machine to tip over, and she fell upon and over the wall, and was severely injured.

The plaintiff was unavoidably prevented from filing the requisite statement within ten days after the injury; but the court, being

of opinion that the legal cause of the injury was the hole in the wheel track and not the dangerous embankment, dismissed the petition, subject to exception.

*Samuel W. Emery* and *Thomas H. Simes,* for the plaintiff.

*Page & Bartlett,* for the defendants.

PARSONS, J.   Although the plaintiff was unavoidably prevented from filing her statement as to the injuries alleged within the ten days required by the statute, her petition to be allowed to file the same is not granted unless it also appears that "manifest injustice would otherwise be done." P. S., c. 76, s. 9.   Whether upon the whole case the denial of an opportunity to litigate the plaintiff's claim would constitute manifest injustice is a question of fact. *Harvey* v. *Northwood,* 65 N. H. 117 ; *Sewell* v. *Webster,* 59 N. H. 586, 587.

The reserved case does not show that evidence was not presented upon which this fact might not be found in favor of the plaintiff. *Chadbourne* v. *Exeter,* 67 N. H. 190 ; *Gitchell* v. *Andover,* 59 N. H. 363 ; *Bolles* v. *Dalton,* 59 N. H. 479.   If it is so found, the plaintiff is entitled to judgment.   The fact is not found ; but the petition was dismissed because, as the case is understood, the court determined the question of the cause of the plaintiff's injury, as matter of law, adversely to the plaintiff, and for that reason only dismissed the petition.   Such ruling was erroneous, for the question whether the proximate cause of the injury was the hole in the wheel track or the dangerous embankment is one of fact.   *Ela* v. *Cable Co., ante, p.* 1.   For this error the order dismissing the petition is set aside and the case recommitted for a specific finding whether upon the whole case the granting of the petition is or is not necessary to prevent manifest injustice.   Judgment will then be rendered as the fact is found.

*Case discharged.*

All concurred.