Rockingham, }
June 3, 1902. }

OWEN v. DERRY.

The denial of an opportunity to litigate a claim against a town for damages caused by a defective highway does not constitute manifest injustice if the allegations of the plaintiff's petition fail to state a cause of action.

PETITION, under section 8, chapter 76, of the Public Statutes, for leave to file a statement of claim for an injury alleged to have been caused by a defective highway. The petition alleges that on February 7, 1901, as the plaintiff was traveling along the sidewalk upon Main street in Derry, he tripped over a piece of sewer or drain pipe there lying, and fell, suffering injury. The highway agent repaired a culvert at the point of the accident during the previous summer, but neglected to remove the pieces of broken pipe taken from the culvert when repairs were made and over which the plaintiff fell. At the April term, 1901, of the superior court, the defendants' demurrer was sustained by *Stone*, J., subject to exception.

*Ernest L. Guptill* and *S. Peter Emery*, for the plaintiff.

*G. K. & B. T. Bartlett*, for the defendants.

PARSONS, J.   If the plaintiff was unavoidably prevented from filing a statement of his injury and claim within ten days from the accident, the issue presented by his petition is whether he should now be permitted to file the same.   Permission to file such statement cannot be granted unless "manifest injustice would otherwise be done."   P. S., c. 76, s. 9.   Evidence sufficient to authorize the submission of the plaintiff's case to the jury will sustain the requisite finding of "manifest injustice."   The questions of law or fact which the plaintiff desires to litigate are not ordinarily determined upon the preliminary petition.   It is sufficient if it appears that there are important questions which, through accident, mistake, or misfortune, the plaintiff will be unable to try unless the petition is granted.   *Drew* v. *Derry, ante, p.* 113 ; *Hendry* v. *North Hampton, ante, p.* 26 ; *Welsh* v. *Franklin,* 70. N. H. 491 ; *Chadbourne* v. *Exeter,* 67 N. H. 190 ; *Gitchell* v. *Andover,* 59 N. H. 363.

If, however, it conclusively appears from the admitted facts or the allegations of the petition that the plaintiff has and can have no valid claim against the defendants, it is apparent that there are no questions to be tried.   A sufficient petition, therefore, must allege facts which, if found to be true, will constitute the basis of a legal claim.

Prior to the act of 1893 (Laws 1893, c. 59), the location or character of the defect or insufficiency in the highway, complained of as the cause of the injury, was immaterial.   Towns were liable to travelers for damages occurring "by reason of *any* obstruction, defect, insufficiency, or want of repair" which rendered it unsuitable for the travel thereon.   P. S., c. 76, s. 1.   And a defect or obstruction in a sidewalk might render the highway unsuitable. *Hall* v. *Manchester,* 40 N. H. 410.   By the statute of 1893, above cited, the traveler's highway liability of towns was limited to damages resulting by reason of any obstruction, defect, insufficiency, or want of repair of a bridge, culvert, or sluiceway, or from a dangerous embankment and defective railing which rendered the highway unsuitable.   Laws 1893, c. 59, s. 1.   To entitle the plaintiff to maintain his action, he must therefore establish that his injury was due to the defect or insufficiency of a bridge, sluiceway, or culvert, or was caused by a dangerous embankment defectively railed.   Unless the plaintiff alleges his injury was so caused, he does not state a claim against the town, and he cannot suffer manifest injustice by the refusal of permission to litigate a groundless claim.   A culvert so constructed that the highway over it is unsuitable is within the statute, and for damage resulting therefrom a town may be liable.   *Gale* v. *Dover,* 68 N. H. 403 ; *Boyd* v. *Derry,* 68 N. H. 272 ; *Drew* v. *Derry, ante, p.* 113.

It may be that unevenness of the path caused by projections above the surface would constitute a defect in a culvert, as well as depressions below the highway surface. But the petition does not allege as the cause of the injury any defect, insufficiency, or want of repair of the culvert, or any other cause within the statute, and therefore no error appears in the ruling of the superior court sustaining the demurrer. The only connection alleged between the accident and the culvert is that the broken pipe over which the plaintiff fell was once a part of the culvert. But the ground of liability is not the manner in which repairs were made six months before, but the condition at the time of the injury. The neglect of the surveyor to care for the fragments of pipe is immaterial, except as constituting an existing defect. If the facts warrant the claim made in the brief, that the injury was caused by an obstruction or defect in the covering of the culvert, the petition can be amended. *Gitchell* v. *Andover*, 59 N. H. 363, 364.

*Exception overruled.*

All concurred.