Grafton,
March 2, 1915.

M. CLARENCE KNIGHT, *Adm'r, v.* HAVERHILL.

LEON E. KNIGHT, *Adm'r v.* HAVERHILL.

SAME *v.* SAME.

A petition for leave to file a claim for damages caused by a defective highway is properly dismissed when it is clear that the plaintiff has no cause of action against the town; but such relief is not ordinarily denied unless it conclusively appears from the admitted facts or the allegations of the petition that the plaintiff can have no valid claim.

An action to recover for death caused by defect in a highway may be brought without filing the statement of claim required by section 7, chapter 76, of the Public Statutes.

PETITIONS, under section 8, chapter 76, of the Public Statutes, for leave to file claims for injuries alleged to have been caused by a defective highway. The injury complained of in each case is the death of the intestate by drowning at the time of the accident. At the September term, 1914, of the superior court, *Pike*, C. J., found

that the petitions should be granted, if as matter of law there was in each case sufficient evidence for the jury of the intestate's care and of the defendants' negligence as the cause of the injury. If in any case there is not such evidence, the petition in such case is to be denied.

*Edgar W. Smith* and *Edward A. Lane* (*Mr. Smith* orally), for the plaintiffs.

*Raymond U. Smith* and *Fred S. Wright* (by brief and orally), for the defendants.

PARSONS, C. J. The granting of the petitions by the court, as the order was made, involved a finding that the petitioners were unavoidably prevented from filing the statement required by section 7, chapter 76, of the Public Statutes, within the time limited therein, and that manifest injustice would otherwise be done, unless the evidence conclusively established that no claim could be maintained against the town. P. S., *c.* 76, *ss.* 8, 9; *Owen* v. *Derry,* 71 N. H. 405, 406.

The petition is properly dismissed when it appears that the plaintiff has no cause of action against the defendant, as would be the case if the defect complained of was one for which no right of action was given by the statutes. *Miner* v. *Hopkinton,* 73 N. H. 232; *Drew* v. *Bow,* 74 N. H. 147. "The questious of law or fact which the plaintiff desires to litigate are not ordinarily determined upon the preliminary petition. It is sufficient if it appears that there are important questions which, through accident, mistake, or misfortune, the plaintiff will be unable to try unless the petition is granted." While "evidence sufficient to authorize the submission of the plaintiff's case to the jury will sustain the requisite finding of 'manifest injustice,' " the petition is not ordinarily to be denied unless "it conclusively appears from the admitted facts or the allegations of the petition that the plaintiff has and can have no valid claim against the defendants." *Owen* v. *Derry,* 71 N. H. 405, 406. Whether the legal question made determinative by the superior court can properly be held decisive of the right to maintain the petitions, and whether there was or was not evidence before the court in these proceedings sufficient to sustain the petitions under such ruling, are mere academic questions, the decision of which will not advance the litigation.

Actions for injury causing death must be brought under section 10, chapter 191, of the Public Statutes, within two years of the death, and the amount recoverable is limited. Laws 1913, c. 201. The provisions of the highway statute giving the traveler a right of recovery for injury received in consequence of a defective highway do not control in the case of a suit for a death. Those provisions (P. S., c. 76, ss. 7, 8) which require the filing of a notice of claim within ten days of the accident, or within a time limited by the court upon petition for leave to file such notice brought within six months, together with the provision that no action shall be brought until thirty days after filing such statement (*Ib.*, s. 10), were originally adopted in 1878. Laws 1878, c. 35. In 1883, their effect upon a suit brought under chapter 35, Laws of 1879, the original statute giving a right of action for an injury resulting in death, was considered, and it was held that the giving of notice as required by the highway statute was not required. *Clark* v. *Manchester*, 62 N. H. 577, 581, 582. This conclusion was reaffirmed in *Jewett* v. *Keene*, 62 N. H. 701, decided the same year. The statutes were reënacted in 1891, with no changes indicating a purpose to alter the judicial construction. By section 10, chapter 191, of the Public Statutes, the action for injury resulting in death may be brought "at any time within two years after the death of the deceased party, and not afterwards." The administrator could not bring a suit "at any time" if he must first bring a petition for leave to file a notice and, having prevailed upon such petition, wait thirty days for the investigation of the claim before bringing suit. "A construction of the statute involving so manifest an inconsistency could not have been intended by the legislature." *Clark* v. *Manchester*, 62 N. H. 577, 582.

The granting or denial of the petitions before the court will not affect the plaintiffs' right to bring suit for the injury complained of. The court does not pass upon abstract questions unless it is clear the litiagtion will be advanced by so doing. *Conn. Valley Lumber Co.* v. *Monroe*, 71 N. H. 473. The attempt to express an opinion upon the rights of the parties, as the controversey is now presented, might mislead in the future trial of the issue, if one is had. No way is perceived in which the view of the court upon the questions transferred could aid the parties.

*Case discharged.*

All concurred.