<i>Petition dismissed.</i>

All concurred.

---

Merrimack, ⎰
March 7, 1916. ⎱

## MARCIA A. PRICHARD v. BOSCAWEN.

A petition for leave to file a statement of claim against a town for damages from a defective highway, where the plaintiff has been unavoidably prevented from so doing within the time prescribed by P. S., *c.* 76, *ss.* 8, 9, will not be denied unless it conclusively appears from the admitted facts or the allegations of the petition that the plaintiff can have no valid claim.

In actions for negligence the test of the defendant's liability is not found by ascertaining the first cause or occasion leading up to the injury but by determining whether the injury was the natural and probable result of the defendant's fault in omitting to do what ordinarily prudent men would have done in his situation to prevent such injury.

To determine which of two concurring causes was the proximate cause of an injury is a question for the jury.

The mere fact that the plaintiff voluntarily encountered a known danger does not establish the proposition that he is guilty of contributory negligence, but the question is whether he was exercising ordinary care under the circumstances.

PETITION, for leave to file a statement of personal injuries under P. S., *c.* 76, *ss.* 8, 9. Transferred from the April term, 1915, of the superior court by *Chamberlin*, J. The court found that the plaintiff was unavoidably prevented from filing her claim within the time prescribed by the statute and that manifest injustice would be done unless she is now permitted to file the same. The court granted her petition, and the defendant excepted upon the ground that the evidence did not warrant the above finding. It was not disputed that the plaintiff, some sixty-seven years of age, on the morning of February 25, 1915, while walking in the "horse path" of a highway in the defendant town, which was very icy, slipped and fell over an unrailed embankment and received serious injuries. Other facts appear in the opinion.

*John M. Stark* and *Robert W. Upton* (*Mr. Upton* orally), for the plaintiff.

*Willis G. Buxton* and *Martin & Howe* (*Mr. Howe* orally), for the defendant.

WALKER, J.    The question raised by the defendant's exception is whether the evidence is sufficient to support the finding of the superior court that manifest injustice would be done, unless the plaintiff is permitted to file her claim against the defendant for the injuries she suffered.    P. S., c. 76, s. 9.    If it appeared that she could have no recoverable claim therefor, it would necessarily follow that a denial of her petition would not result in manifest injustice.    *Owen* v. *Derry*, 71 N. H. 405.    But such denial is not ordinarily ordered, unless it conclusively appears from the admitted facts or the allegations of the petition that the plaintiff can have no valid claim.    *Hendry* v. *North Hampton*, 71 N. H. 26; *Knight* v. *Haverhill*, 77 N. H. 487; *Welsh* v. *Franklin*, 70 N. H. 491.

It is not contended that the evidence was insufficient to warrant a finding that the embankment was a dangerous one defectively railed within the meaning of the statute giving highway travelers an action against towns for injuries suffered in consequence of such embankments.    Laws 1893, c. 59, s. 1.    But it is argued by the defendant that the proximate cause of the plaintiff's injuries was the icy condition of the highway, for which the town is not liable, and that if that condition had not existed she would not have fallen over the embankment.    It may be conceded that the first cause of her falling was the difficulty of traveling with entire safety over the ice.    But the test of the defendant's liability in such cases is not found by ascertaining the first cause or occasion leading up to the injury, but by determining whether the injury was the natural and probable result of the defendant's fault in omitting to do what ordinarily prudent men would have done in his situation to prevent such injury.    An extended discussion of this subject would not be useful in view of the numerous decisions in this state in support of that doctrine.    *Ela* v. *Cable Company*, 71 N. H. 1; *Hendry* v. *North Hampton*, 71 N. H. 26, S. C. 72 N. H. 351; *Stevens* v. *Company*, 73 N. H. 159, 173, 174; *Harriman* v. *Moore*, 74 N. H. 277, 281; *Stark* v. *Lancaster*, 57 N. H. 88; *Clark* v. *Barrington*, 41 N. H. 44, 50; *Winship* v. *Enfield*, 42 N. H. 197, 214, 215; *Merrill* v. *Claremont*, 58 N. H. 468.    The unrailed embankment may have

been the proximate cause of the plaintiff's injury. Whether it was or not is a question of fact for the jury to determine. The finding for the plaintiff upon this point is amply supported by the evidence reported. It might be found that the town ought reasonably to have apprehended that pedestrians might slip on the ice covering the highway in the winter season and be hurled over the unrailed embankment. The statutory duty to maintain a suitable rail at such places was evidently imposed upon towns for the purpose of preventing such occurrences. *Clark* v. *Barrington, supra* 50.

The defendant also contends that it conclusively appears that the plaintiff was guilty of contributory negligence which would preclude her recovery. This contention is based upon her testimony that she knew of the existence of the embankment but did not notice it at the time of the accident, but hastened along walking in the "horse path," which it appeared was about two feet from the bank over which she fell. There was testimony that there was less danger of one's slipping when walking in the "horse path" than when walking on other parts of the road; that the path on the other side of the road was muddy and partly filled with water, and that the plaintiff was pretty careful where she stepped on account of the ice. She was unable to say which way she fell when she slipped, but testified that she found herself over the bank. Upon this evidence no doubt can be entertained that reasonable men might find she was exercising ordinary care under the circumstances. The mere fact that she voluntarily encountered a known danger does not establish the proposition that she was guilty of contributory negligence. *Kambour* v. *Railroad*, 77 N. H. 33; *Hubbard* v. *Concord*, 35 N. H. 52; *Sleeper* v. *Sandown*, 52 N. H. 244; *Chadbourne* v. *Exeter*, 67 N. H. 190. That she did not specially notice the culvert or the embankment was probably due to her efforts to avoid slipping; even if she had said that she did in fact notice those objects, it is not apparent how that act would have tended to prevent her injury. Whether she ought to have examined the declivity over which she fell before attempting to pass by it, is clearly a question for the jury. It may be found upon the evidence disclosed, and other evidence that may be presented at the trial, that she was proceeding along the road with due care. It is certain that it does not conclusively appear that she will be unable to prove that necessary fact. Hence the defendant's contention upon this point is unavailing.

*Exception overruled.*

All concurred.