Strafford,  
June 29, 1918.

## JOSEPH W. RYE v. DURHAM.

A petition for leave to file a statement of claim under the statute of highways for injuries received from a hole in the traveled way and near to but outside of the abutment wall of a bridge, was granted, there being evidence from which it might be found that the accident happened upon a bridge.

PETITION, for leave to file a statement of claim for injuries under P. S., c. 76, ss. 8, 9. The court found that the plaintiff failed to file his claim within the statutory period by reason of his ignorance of the statutory requirement. The petition was granted. The defendants excepted to the denial of their motion that the petition be dismissed, and to the decree granting the petition.

Transferred by *Allen*, J., from the September term, 1917, of the superior court. The facts sufficiently appear from the opinion.

*Dwight Hall* and *Leslie P. Snow* (*Mr. Snow* orally), for the plaintiff.

*Hughes & Doe* (*Mr. Doe* orally), for the defendants.

PLUMMER, J. The defendants' exceptions raise the questions whether the petitioner was unavoidably prevented from filing the statutory statement within the time limited, and whether manifest injustice would be done if he were not allowed to file it later. P. S., c. 76, s. 9.

We do not understand that the defendants contend that the plaintiff was not unavoidably prevented from filing the required notice. But their contention is that the accident did not happen upon a bridge, therefore that the plaintiff can have no claim against the defendants, and hence the petition should be dismissed. If it were clear that the accident did not occur upon a bridge so that the plaintiff could have no legal action against the defendants, then it would be evidence that manifest injustice would not result by the denial of the petition. "But such denial is not ordinarily ordered, unless it conclusively appears from the admitted facts or the allegations of the petition that the plaintiff can have no valid claim." *Prichard* v. *Boscawen*, 78 N. H. 131; *Knight* v. *Haverhill*, 77 N. H. 487; *Owen* v. *Derry*, 71 N. H. 405; *Hendry* v. *North Hampton*, 71 N. H. 26; *Welsh* v. *Franklin*, 70 N. H. 491.

The evidence of the plaintiff tended to prove that the accident was caused by the plaintiff's horse breaking through the traveled part of the highway, and falling into an underground hole, located between the side or wing-walls of the abutment wall of a bridge, and close to the outside of and about three feet from the abutment wall and planking of the bridge, that the abutment wall, which was $2\frac{1}{2}$ or 3 feet thick, and the side walls where they were opposite the hole, were about 8 feet high, that there was a dirt filling extending back some 36 to 75 feet from the abutment in the direction from which the plaintiff came.

The situation as disclosed by the evidence above referred to, and other evidence in the case, makes it apparent that it may be found on the trial of the case that the accident happened upon a bridge. *Wilson* v. *Barnstead*, 74 N. H. 78.

*Exceptions overruled.*

All concurred.