242

Grafton,
No. 6410.

RAYMOND SIMONEAU *v.* TOWN OF ENFIELD.

June 30, 1972.

*Baker & Page* and *William A. Baker* (*Mr. Baker* orally) for the plaintiff.

*Stebbins & Bradley* and *Michael L. Slive* (*Mr. Slive* orally) for the defendant.

KENISON, C.J. The issue in this case is whether a tort action for injury on a town bridge (RSA 247:17) can be maintained where the plaintiff failed to file his claim within 10 days as required by RSA 247:25 and then failed to comply with a 60-day extension of time granted by the court (RSA 247:26, 27) in view of the provisions of RSA 247:28. This later statute in pertinent part reads as follows: "RSA 247:28 Limitation of Action. No action against a town for such damages shall be sustained unless a statement is filed as required by sections 25 or 27 hereof.... "

The plaintiff's claim arises out of an accident which occured on July 19, 1970. In September 1970, the plaintiff filed a petition in the superior court requesting leave to file a late claim for the accident pursuant to RSA 247:26. On May 24, 1971, the petition was granted and the plaintiff was ordered to file his statement of claim "within 60 days from the date hereof." The Court's order (*Johnson,* J.) was within the provisions of RSA 247:27 which permits a late claim to prevent manifest injustice provided that the claim is filed "within a time to be limited by its order." The statement

of claim was filed on July 28, 1971, which was after the 60-day limit imposed by the court order. The defendant's motion to dismiss was granted and the plaintiff's exception thereto was reserved and transferred by *Perkins, J.*

The legislative plan for allowing recovery for certain injuries from bridges, culverts and dangerous embankments is restricted and limited. RSA 247:17. Towns are to be notified promptly within 10 days in order that they can investigate and remedy alleged defects. RSA 247:25; *Sargent* v. *Gilford,* 66 N.H. 543, 27 A. 306 (1891). Because this time limitation was short, provision was also made to prevent injustice where there was a good reason for not meeting this deadline. RSA 247:26. Both the statute and the case law indicate a tolerance if the original 10 day deadline has been missed. *Gitchell* v. *Andover,* 59 N.H. 363 (1879); *Kelsea* v. *Manchester,* 64 N.H. 570, 15 A. 206 (1888); *Boyd* v. *Derry,* 68 N.H. 272, 38 A. 1005 (1895); *Prichard* v. *Boscawen,* 78 N.H. 131, 97 A. 563 (1916). However neither the statute nor any decision of this court has indicated a similar tolerance if the statement of claim is not filed within the time limited by the court's order as required by the provisions of RSA 247:27. Any doubt about the legislative plan to prevent further delays or extensions of time is removed by the unambiguous language of RSA 247:28. That statute provides that no action "shall be sustained" against the town unless a statement is filed "as required by sections 25 or 27 hereof."

In the present case the plaintiff failed to comply with both sections 25 and 27. We find no basis in the history and language of the statute or in any decided case in this State which indicates that any plaintiff was entitled to a third bite at the litigation apple in a claim against a town for injury from a defective bridge. This is particularly true in this jurisdiction where municipal immunity is the general rule rather than the exception. *Gossler* v. *Manchester,* 107 N.H. 310, 221 A.2d 242 (1966); *Stott* v. *Manchester,* 109 N.H. 59, 242 A.2d 58 (1968).

*Exception overruled.*

All concurred.