Farwell v. Town of Brookline        CV-00-089-M    10/20/00
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


Marcia Farwell,
     Plaintiff

     v.                                    Civil No. 00-89-M
                                           Opinion No. 2000 DNH 223
Town of Brookline, Town of Milford,
Town of Hollis, Town of Pepperell,
Deborah Clark, David Turgeon,
Steven Desilets, and Richard Darling,
     Defendants


                         **O R D E R**


     Marcia Farwell brings this action pursuant to 42 U.S.C. §

1983, seeking damages for alleged violations of her

constitutional rights.  Specifically, she claims that defendants

unlawfully arrested (and subsequently prosecuted) her for

disorderly conduct.  She also brings several common law and state

constitutional claims, over which she says the court may properly

exercise supplemental jurisdiction.  Named as defendants are the

Town of Brookline, New Hampshire, the Town of Milford, New

Hampshire, the Town of Hollis, New Hampshire, and the Town of

Pepperell, Massachusetts (collectively, the "Municipal

Defendants").  Also named as defendants, and sued in their

individual capacities, are Brookline Police Officer Deborah Clark, Hollis Police Officer David Turgeon, Sergeant Steven Desilets of the Hollis Police Department, and Hollis Police Chief Richard Darling.  No individual employees of the towns of Milford or Pepperell are identified in the complaint.

Pursuant to Federal Rule of Civil Procedure 12(c), the Municipal Defendants move for judgment on the pleadings as to all claims against them.  In response, plaintiff has not moved to amend her complaint.  Instead, she simply objects to the relief requested by the Municipal Defendants.

**Standard of Review**

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  In reviewing such a motion, the court must credit all material allegations in the complaint as true and draw all reasonable inferences in the non-moving party's favor.  See Feliciano v. State of Rhode Island, 160 F.3d 780, 788 (1st Cir.

2

1998). Like a motion to dismiss, a motion for judgment on the pleadings may be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. See Gaskell v. The Harvard Cooperative Society, 3 F.3d 495, 497-98 (1st Cir. 1993); Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991).

## Background

Viewed in the light most favorable to plaintiff, the material facts appear as follows. On the evening of July 3, 1997, plaintiff was socializing at the home of friends in Brookline, New Hampshire. Shortly after midnight, as is apparently the tradition in Brookline, the church bell of the Brookline Church of Christ began to ring. Plaintiff soon learned that police officers had arrived on the scene and arrested someone for ringing the bell. Plaintiff walked the short distance from her friend's home to the scene of the disturbance.

When she reached the church, plaintiff observed police cruisers from the towns of Brookline, Hollis, Milford, and

3

Pepperell. A small group of on-lookers had also begun to gather. Plaintiff says that officers from neighboring towns had arrived in response to a "mutual aid" call placed by officers of Brookline. She claims, however, that "the Brookline police department had not adhered to the required protocol to request 'mutual aid' from surrounding towns and the officers from the surrounding towns were therefore acting without authority." Complaint, at para. 17. The complaint fails to identify how the mutual aid request was deficient, nor does it discuss how an allegedly improper request for mutual aid would render the responding officers "without authority."

According to plaintiff, Defendant Officer Clark ordered the crowd to disperse. Apparently dissatisfied with the conduct of the police officers, plaintiff told them that they were "acting like a bunch of assholes." Complaint, para. 18. She was then arrested for disturbing the peace, handcuffed, and placed in the back of a police cruiser. She claims to have complained that the handcuffs were too tight and says the only response she received was that they were not designed for comfort.

4

Plaintiff was subsequently tried for disorderly conduct, under N.H. Rev. Stat. Ann. ("RSA") 644:2. She was acquitted in a bench trial.

**Discussion**

I.  <u>Count 1 - Unreasonable Seizure: 42 U.S.C. § 1983</u>.

The Municipal Defendants assert that count 1 of plaintiff's complaint fails, as a matter of law, to state a viable claim insofar as it does not allege that plaintiff's claimed injuries were the product of a municipal custom or policy. In response, plaintiff argues that to impose such a pleading requirement would run afoul of the Federal Rules' "liberal pleading" standards and the Supreme Court's opinion in <u>Leatherman v. Tarrant City Narcotics Unit</u>, 507 U.S. 163 (1993). Accordingly, she says:

> That the plaintiff supposedly failed to allege a municipal custom or practice as the cause of the harm, and that the plaintiff failed to allege facts that showed deliberate indifference on the part of the defendant[s] is not an accepted basis for dismissal of a claim brought pursuant to 42 U.S.C. § 1983. Only if the plaintiff fails to prove these elements must the cause of action fail. To hold otherwise is to apply a heightened pleading standard.

5

Plaintiff's memorandum (document no. 13) at 7.  The court disagrees.

To state a viable § 1983 claim against a municipality, a plaintiff must, at a minimum, allege that his or her injuries were the product of a municipal custom of policy.  <u>See, e.g.</u>, <u>Dwares v. City of New York</u>, 985 F.2d 94, 100-01 (2d Cir. 1993).  <u>See also</u> <u>Follkie v. City of Chicago</u>, 1997 WL 527304 at *2 (N.D. Ill. August 9, 1997) ("[T]he actions of municipal employees do not automatically create municipal liability; only where a city employee's deprivation of an individual's constitutional rights is caused by a municipal custom or policy can a municipality be held liable."); <u>Clark v. City of Portland</u>, 1998 WL 539522 at *1 (9th Cir. August 24, 1998) ("To state a claim against a municipal entity under section 1983, a plaintiff must allege that the constitutional violations are the result of an official policy or practice.").  <u>See generally</u> <u>Monell v. Dept. of Social Serv.</u>, 436 U.S. 658 (1978).  Accordingly, this court (Barbadoro, C.J.) has held:

[I]n order to state a § 1983 claim against a municipality or a municipal subdivision, a plaintiff must allege that: (1) a municipal policy maker intentionally adopted a policy, implemented a training protocol, or allowed a custom to develop; (2) the challenged policy, training protocol or custom caused a violation of the plaintiff's constitutional rights; and (3) the policy maker acted either with deliberate indifference or willful blindness to the strong likelihood that unconstitutional conduct will result from the implementation of the policy, training protocol or custom. Canton v. Harris, 489 U.S. 378, 385 (1989); Maldonado-Denis v. Castillo-Rodriquez, 23 F.3d 576, 582 (1st Cir.1994); Manarite v. Springfield, 957 F.2d 953, 958 (1st Cir.1992). The deliberate indifference component of this test can be satisfied through allegations that the policy maker either knew or should have known of the serious risk that the challenged policy, custom or training protocol would result in unconstitutional conduct. Canton, 489 U.S. at 389-90; Maldonado-Denis, 23 F.3rd at 582; Farmer v. Brennan, 114 S.Ct. 1970, 1981 (1994) (comparing subjective deliberate indifference test under Eighth Amendment with the objective test of deliberate indifference governing municipal liability claims).

Millard v. Town of Wolfeboro, No. 94-38-B, 1994 WL 461700 at *3 (D.N.H. Aug. 18, 1994).

Because count 1 of plaintiff's complaint fails to allege an essential element of a viable cause of action against the Municipal Defendants - that her claimed constitutional injuries were the product of a municipal custom or policy - it fails to

7

state a cognizable claim. It is, therefore, dismissed without prejudice.

II. Count 2 - Respondeat Superior.

Municipal entities cannot be held liable under § 1983 for the unlawful conduct of their employees on a theory of respondeat superior. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978); Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 209 (1st Cir. 1990). Consequently, to the extent count 2 of plaintiff's complaint seeks to impose such liability on the Municipal Defendants under § 1983, it fails to state a viable claim. Plaintiff acknowledges as much. She argues, however, that count 2 of her complaint should survive defendants' motion insofar as it seeks to hold defendants liable for the assault and battery she allegedly suffered at the hands of the Municipal Defendants' employees, as described in count 4. See Plaintiff's memorandum (document no. 13) at 9.

Plaintiff's argument suffers from at least two flaws. First, to the extent she seeks to impose liability on the

8

Municipal Defendants for an alleged assault and battery, that claim is set forth with clarity in count 4 of the complaint, and each of the Municipal Defendants is specifically identified in that claim. Consequently, to the extent that count 2 seeks to hold the Municipal Defendants liable for the alleged assault and battery committed by their employees, it is duplicative of the claim set forth in count 4.

Moreover, defendants assert that, as to her common law claim(s) in count 2 (and, presumably, as to all other common law claims against the Municipal Defendants), plaintiff has failed to comply with the notice provisions set forth in RSA 507-B:7. That statute provides, in pertinent part, that:

> As a condition precedent to commencement of the action [against a municipality for bodily injury, personal injury, or property damage], the clerk of the governmental unit shall be notified by registered mail within 60 days after the time of the injury or damage or discovery of the injury or damage, . . . as to the date, time and location where the injury or damage occurred.

Defendants point out that plaintiff's complaint fails to allege that she complied with the requirements of this statute.[1] Consequently, they assert that dismissal of that count is warranted.

In <u>Simoneau v. Enfield</u>, 112 N.H. 242 (1972), the New Hampshire Supreme Court concluded that the trial court properly dismissed a complaint for plaintiff's failure to provide the statutorily required notice of claim to the town. Here, plaintiff has failed to allege that she complied with that statutory requirement by filing a timely notice of claim (and defendants say that she cannot make such an allegation). Consequently, count 2 of plaintiffs complaint is necessarily dismissed under applicable state law, without prejudice.

III. <u>Count 3 - Failure to Adequately Train: 42 U.S.C. § 1983</u>.

In support of their motion for judgment on the pleadings as to count 3, defendants assert that plaintiff has failed to allege

---

[1] Defendants also point out that what notice plaintiff actually provided was untimely, as it was submitted approximately one year after plaintiff's arrest.

that they acted with "deliberate indifference" to her constitutionally protected rights. As to the Towns of Pepperell and Milford, the court agrees that count 3 fails to allege the elements of a viable claim. Critically, the complaint fails to allege that plaintiff suffered any injuries as a result of the conduct of any employees of either Pepperell or Milford. Nor does the complaint provide any indication of how an alleged "failure to train" on the part of those towns actually caused her any injury. Instead, all of the injuries identified by plaintiff are alleged to have occurred as a result of the wrongful conduct of employees of the towns of Brookline and Hollis. Consequently, as to the towns of Pepperell and Milford, count 3 of the complaint does fail to state a viable claim and, as to those defendants, it is dismissed without prejudice.

As to the towns of Hollis and Brookline, however, the complaint (when read with the required deference) adequately alleges the essential elements of a failure to train cause of action. Whether, at trial, plaintiff can demonstrate that those defendants acted with the requisite indifference to her rights,

11

is of course a different matter.  At this juncture, however, the court concludes that count 3 of the complaint is at least sufficient to survive a motion for judgment on the pleadings.

IV.  <u>Plaintiff's State Constitutional Claims</u>.

Finally, defendants urge the court to grant them judgment on the pleadings as to plaintiff's claims arising from various provisions of New Hampshire's Constitution.  Plaintiff has not pointed to any authority suggesting that the New Hampshire Supreme Court has recognized a private right of action based upon alleged violations of the constitutional provisions identified in the complaint.  In the absence of such authority, the court is not inclined to recognize a novel state cause of action.  A federal court called upon to apply state law must "take state law as it finds it: 'not as it might conceivably be, some day; nor even as it should be.'"  <u>Kassel v. Gannett Co., Inc.</u>, 875 F.2d 935, 950 (1st Cir. 1989) (<u>quoting</u> <u>Plummer v. Abbott Laboratories</u>, 568 F.Supp. 920, 927 (D.R.I. 1983)).  When state law has been authoritatively interpreted by the state's highest court, this court should apply that law according to its tenor.  <u>See</u> <u>Kassel</u>,

12

875 F.2d at 950.  When the signposts are blurred, the federal court may assume that the state court would adopt an interpretation of state law that is consistent with logic and supported by reasoned authority.  See Moores v. Greenberg, 834 F.2d 1105, 1107 n.3 (1st Cir. 1987).  However, this court is and should be hesitant to blaze new, previously uncharted state-law trails.  Expansive reading of New Hampshire's constitutional provisions is a realm best occupied by the New Hampshire Supreme Court.  Accordingly, plaintiff's claims based upon alleged violations of the New Hampshire Constitution, pt. 1, art. 15, 19, and 22 (as alleged in counts 1 and 3) are dismissed without prejudice.

## Conclusion

For the foregoing reasons, defendants' motions for judgment as a matter of law (documents no. 10 and 12) are granted in part and denied in part.  As to all Municipal Defendants, counts 1 and 2 are dismissed without prejudice.  Count 3 is dismissed, without prejudice, as to the towns of Pepperell and Milford.  Finally, as to all defendants, plaintiff's claims based upon alleged

13

violations of the New Hampshire Constitution are dismissed _without_ prejudice.

Plaintiff is, however, granted leave to file an amended complaint. To the extent she is able, consistent with the requirements of Fed. R. Civ. P. 11, she may amend her complaint to cure the deficiencies identified in this order. Should plaintiff elect to file an amended complaint, she shall do so on or before November 20, 2000.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 20, 2000

cc:  Kenneth G. Bouchard, Esq.
     Donald E. Gardner, Esq.
     John A. Curran, Esq.
     Michael B. O'Shaughnessy, Esq.